COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


SAFELITE GLASS CORPORATION
AND
INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA

v.   Record No. 1864-95-3                 MEMORANDUM OPINION[*]
                                              PER CURIAM
RICKY LYNN CAMPBELL                        JANUARY 23, 1996


                           FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (Robert M. McAdam; Wooten & Hart, on brief), for
          appellants.

          (Rhonda L. Overstreet; Lumsden & Overstreet, on
          brief), for appellee.


     Safelite Glass Corporation and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that (1) Ricky Lynn

Campbell's ("claimant") testimony concerning his July 24, 1994

injury by accident was credible; and (2) claimant's herniated

disc at L4-L5 was caused by his July 24, 1994 injury by accident.

 Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

                        I.  Credibility

     Employer argues that the commission should have disregarded

claimant's testimony on the grounds that (1) he described a

---

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

violent single truck accident, which is not corroborated by the physical evidence and witnesses' testimony; (2) he told Dr. Robert S. Widmeyer, his treating orthopedic surgeon, that he had not suffered from back pain before the July 27, 1994 accident, yet he testified that he suffered from back pain intermittently after his 1991 surgery and before July 27, 1994; and (3) he exaggerated his job requirements to Dr. Widmeyer by characterizing them as "heavy work," when he actually spent the majority of his work time driving a delivery truck.

In weighing claimant's credibility and in rendering its decision, the commission took these discrepancies into account. However, the commission disregarded these discrepancies in light of the opinion of Dr. James M. Vascik, the treating neurosurgeon, who opined that claimant would have at least been severely limited in his physical functions had the disc been herniated before the accident. There was no evidence that claimant's physical functions were severely limited before the accident. Although he complained of back pain before the accident, claimant was able to work and did not appear to be in distress. From this evidence, the commission could reasonably conclude that Dr. Vascik's opinion constituted the most persuasive evidence of when claimant herniated the disc.

"In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of

the credibility of the witnesses."  <u>Wagner Enters., Inc. v.</u>

<u>Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).  It is

well settled that credibility determinations are within the fact

finder's exclusive purview.  <u>Goodyear Tire & Rubber Co. v.</u>

<u>Pierce</u>, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).  Based

upon this record, we cannot say that the commission erred in

finding that claimant was credible.

## II.  <u>Causation</u>

On appeal, we view the evidence in the light most favorable

to the prevailing party below.  <u>R.G. Moore Bldg. Corp. v.</u>

<u>Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The

actual determination of causation is a factual finding that will

not be disturbed on appeal if there is credible evidence to

support the finding."  <u>Ingersoll-Rand Co. v. Musick</u>, 7 Va. App.

684, 688, 376 S.E.2d 814, 817 (1989).

In awarding compensation benefits to claimant, the

commission found as follows:

> This case turns, in part, on the extent
> of claimant's low back complaints on and
> before July 27, 1994, and prior to the
> automobile accident that evening.  Two
> witnesses testified that he made extensive
> complaints of low back pain but that he was
> in no obvious distress.  This evidence was
> not rebutted, as noted above.  In this
> regard, we are impressed with Dr. Vascik's
> report that, if the claimant's disc had been
> herniated at that time, to the extent which
> was found on MRI after the accident, it would
> have been extremely difficult for him to
> function.  We find this to be the persuasive
> evidence that the actual herniation was
> caused by the automobile accident.  In so
> holding, we note that the claimant has

3

> minimized or denied back pain prior to the industrial accident and apparently going back to 1991 when he underwent back surgery. At the same time, he may have overstated the physical effort required by his work in an effort to minimize his preexisting back condition and certainly overstated the extent of the accident. However, in the final analysis, all of this notwithstanding, Dr. Vascik reported that the claimant would have at least been severely limited in his physical functions had the disc been herniated prior to the industrial accident. Finding this most persuasive, the Opinion appealed from is AFFIRMED . . . .

In its role as fact finder, the commission was entitled to weigh the evidence and to accept Dr. Vascik's opinions. Claimant's testimony, along with Dr. Vascik's opinions, constitute credible evidence to support the commission's decision. Based upon this evidence, the commission could reasonably infer that claimant's injury by accident on July 27, 1994 caused his herniated disc and resulting disability. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

For the reasons stated, we affirm the commission's decision.

Affirmed.

4