COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis


LYNCHBURG FOUNDRY COMPANY
AND
ARGONAUT INSURANCE COMPANY                    MEMORANDUM OPINION[*]
                                                   PER CURIAM
v.   Record No. 0092-96-3                      JULY 23, 1996

RICHARD W. PARKS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (J. Gorman Rosenberger, Jr.; Wilson, Garbee &
               Rosenberger, on brief), for appellants.

               (John A. Martin; Browning, Lamie & Sharp,
               P.C., on brief), for appellee.


     Lynchburg Foundry Company and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Richard W. Parks

sustained his burden of proving that his groin condition was

causally related to an October 7, 1994 injury by accident.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

     "The actual determination of causation is a factual finding

that will not be disturbed on appeal if there is credible

evidence to support the finding."  Ingersoll-Rand Co. v. Musick,

7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).  In addition,

"[q]uestions raised by conflicting medical opinions must be

_____
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). So viewed, the evidence proved that before Parks was hired as a foundry worker in September 1994, a pre-employment physical revealed no abnormalities in his groin area. Parks testified that, on October 7, 1994, a forklift hit his worktable and caused the table to strike him in the groin. He experienced immediate pain, which lasted for several days, but did not require medical treatment. On November 17, 1994, Parks was hit in his groin area in the same manner as on October 7, 1994. He reported the injuries to employer, who referred him to Dr. William M. Skewes, an internist.

As a result of his examination of Parks on December 2, 1994, Dr. Skewes diagnosed a large left hydrocele. On his Attending Physician's Report, Dr. Skewes reported the October 7, 1994 and November 17, 1994 injury dates and noted that Parks' injury occurred when a forklift hit his worktable and caused groin pain. Dr. Skewes checked "yes" in response to the question of whether the diagnosed condition was due to the occurrence described by Parks. Dr. Skewes referred Parks to Dr. Irving Elkins, a urologist, for further treatment.

Dr. Elkins opined that the large left hydrocele was possibly

caused by the recent trauma.  In response to employer's written questions, Dr. Elkins stated that he could not opine with reasonable medical certainty that the October 1994 incident caused the large left hydrocele he saw in December 1994.  He stated that this condition may occur as the result of an injury or may occur gradually without an injury.

As fact finder, the commission accepted Dr. Skewes' opinion that Parks' groin condition was causally related to the October 7, 1994 incident.  The commission also relied upon Parks' testimony that he did not have any groin pain prior to the October 7, 1994 incident.  Dr. Skewes' opinion, coupled with Parks' testimony, constitute credible evidence to support the commission's decision.

The commission rejected Dr. Elkins' opinion because he was "not as clear . . . regarding causation" and raised causation only to the level of "possibility."  "The existence of contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For these reasons, we affirm the commission's decision.

Affirmed.