COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


KENNETH NORMAN PRATER

v.   Record No. 2249-96-3                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
BRISTOL COAL CORPORATION                     FEBRUARY 11, 1997
AND
UNITED AFFILIATES CORPORATION


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Joseph E. Wolfe; Bobby Steve Belcher, Jr.;
                Wolfe & Farmer, on brief), for appellant.

                (S. T. Mullins; Street, Street, Street,
                Scott & Bowman, on brief), for appellees.



        Kenneth Prater contends that the Workers' Compensation

Commission erred in granting Bristol Coal Corporation's change in

condition application and terminating his compensation benefits

effective March 20, 1996 based on the commission's finding that

Prater's current disability was not causally related to his

compensable September 26, 1994 injury by accident.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The

actual determination of causation is a factual finding that will

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In ruling that employer sustained its burden of proving a compensable change in condition, the commission found as follows:

> The evidence does not establish the claimant's depression disorder is causally related to his industrial injury. Dr. [Steven W.] Morgan and Dr. [Richard G.] Salamone do not believe the claimant's depression is disabling and Dr. Salamone does not believe the depression was caused by the industrial accident.
>
> *   *   *   *   *   *   *
>
> We also agree with the Deputy Commissioner that the claimant's back disability is no longer related to the industrial accident. We accept the opinion of Dr. [William A.] McIlwain, the treating orthopedist, that the only impediment to the claimant's return to pre-injury work was his unrelated arthritic condition, ankylosing spondylitis, and depression, not the industrial injury.

In its role as fact finder, the commission was entitled to weigh the medical evidence and to accept the opinions of Drs. Morgan, Salamone, and McIlwain. The commission's rejection of Dr. Clinton Sutherland's opinion that Prater's symptoms were "suggestive of PTSD" is supported by credible evidence. Dr. Salamone, the psychologist, rejected this diagnosis. In

addition, the commission was entitled to disregard Dr. David L. Forester's opinion that Prater's depression was "perhaps" related to chronic back pain. Dr. Forester's opinion was not couched in terms of any degree of medical certainty. The opinions of Drs. Morgan, Salamone, and McIlwain constitute credible evidence to support the commission's decision. "The fact that there is contrary evidence in the record is of no consequence . . . [because] credible evidence . . . support[s] the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For these reasons, we affirm the commission's decision.

Affirmed.