**Salem**
INGERSOLL-RAND COMPANY
v.
NORMAN G. MUSICK
No. 0063-88-3
Decided February 21, 1989

COUNSEL

John E. Kieffer (Woodward, Miles & Flannagan, P.C., on brief), for appellants.

Stephen A. Vickers, on brief, for appellee.

OPINION

MOON, J.—We affirm the award of compensation to Norman G. Musick for an ordinary disease of life (hearing loss) against Ingersoll-Rand. We find that this claim was timely filed, that the evidence was sufficient for the commission to find that Musick sustained the hearing loss because of his employment, and that the disease was "characteristic of his employment" and caused by "conditions peculiar to his employment" within the meaning of Code § 65.1-46.

For sixteen years Norman G. Musick worked at a division of Ingersoll-Rand. During that period, he was employed as a fitter-welder and was exposed to industrial noise. On June 3, 1987, Mr. Musick went to Dr. Davis, who diagnosed a noise-induced hearing loss. Mr. Musick filed a workers' compensation claim on June 15, 1987. The commission awarded Musick benefits, finding an 18.3 percent loss of hearing in the right ear and a 13.3 percent loss in

the left ear.

The employer claims that Musick did not prove that he filed his claim within the prescribed period of limitation because he did not demonstrate with certainty the date of the injury. Code § 65.1-52(3) requires that a claimant file with the Industrial Commission within two years of a diagnosis of a compensable disease or within five years from the date of the last injurious exposure, whichever occurs first. Musick received a diagnosis of the hearing loss on June 3, 1987; he filed his claim on June 15, 1987. This clearly meets the first prong of the timely filing requirement. Thus, the only issue is whether Musick's last injurious exposure occurred within five years prior to June 15, 1987, since Dr. Davis' diagnosis does not specifically state the time period when the loss occurred. Code § 65.1-52(3) defines injurious exposure as "exposure to the causative hazard of such disease as is reasonably calculated to bring on the disease in question." Since the doctor did write that the loss was induced by industrial noise, and since Musick was exposed to the industrial noise within the five year period prior to filing his claim, there is credible evidence to support the commission's finding that the claim was timely filed.

■ The employer also claims that Musick did not prove that the hearing loss was "characteristic of the employment and caused by the conditions peculiar to the employment," as required by Code § 65.1-46. When the General Assembly amended Code § 65.1-46 in 1985, it intended to expand coverage for ordinary diseases of life developed at the workplace. However, by including the language requiring a compensable disease to be "characteristic of the employment" and "caused by conditions peculiar to the employment," the legislature signalled that all diseases of life developed by workers would not be compensable. *See Report of the Joint Subcommittee Studying Workers' Compensation*, House Document No. 27 (1986). The employer argues that the language "peculiar to the employment" requires that the successful applicant be employed at a place where he is uniquely exposed to specific ordinary diseases of life, such as a hospital with contagious patients. We decline to construe the statute in such a limited manner. If such construction was the legislature's intent, it could have scheduled certain ordinary diseases of life which were compensable. The legislature decided against this approach. *Id.*

 We hold that the legislature intended that the Industrial Commission decide these claims on a case by case basis, adhering to the strict proof that is required in the statute. We interpret the act as providing that an employee has a compensable disease when he proves that his disease was, in fact, developed at work as a result of the usual conditions to which he was exposed by his employment. If the evidence shows a recognizable link between the disease and some distinctive feature of the claimant's job or work environment, we believe, if other qualifications are met, the legislature intended recovery. Accordingly, we define the phrase "peculiar to the employment" to mean unique to the conditions in which the claimant actually worked, not the normal working conditions to which other workers in the same occupation, or other workers in the same industry, were exposed.[1] The evidence in this case shows that Musick meets this test; his hearing loss was a result of industrial noise which was a distinctive feature of his work environment. He was continuously exposed to loud banging and clanging in the building where he worked. Dr. Davis specifically said in his diagnosis: "I think there is a reasonable medical certainty that his hearing loss can be attributed to industrial noise exposure." Thus, there is credible evidence to support the commission's finding that the loss was characteristic of the employment and caused by the conditions peculiar to the employment.

 The employer also argues that Musick did not present clear and convincing evidence that his hearing loss resulted from his work because he did not exclude the possibility that something outside the workplace may have caused the injury. The doctor's report states the cause of the injury was industrial noise. Other evidence tended to negate the possibility of exposure to loud noise outside of the employment. To this extent, Musick's evidence met the burden of production and the commission was persuaded by it.

---

[1] This test meets the employer's definitional paradigm. A nurse who works in an AIDS ward, and who contracts AIDS from one of her patients, would have a compensable ordinary disease of life because of the context in which the AIDS was developed. An office worker exposed to asbestos at work, and who contracts asbestosis as a result of that exposure, would have a compensable ordinary disease of life because of the context in which the asbestosis was developed. However, if those diseases were developed outside of the workplace, they would not be compensable diseases. Thus, the legal test of whether a disease is "peculiar to the employment" is one of proof: if the claimant can affirmatively prove that he developed a disease because of the conditions of his workplace, he may receive compensation. If he cannot prove that the disease is a result of exposure in the workplace, he cannot recover.

The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding. Code § 65.1-98.

Finally, the employer advances two arguments based upon the 1986 enactment of Code § 65.1-46.1. The first argument is that even if Code § 65.1-46.1 is applied here, case law bars recovery by Musick. The employer argues that regardless of the statutory law applied, if a claimant suffers an aggravation of an ordinary disease of life by exposure at work, then he is not entitled to compensation, citing *Ashland Oil Co. v. Bean*, 225 Va. 1, 300 S.E.2d 739 (1983). The employer's second statutory argument is that Musick's hearing loss occurred before the enactment of § 65.1-46.1 and since hearing losses were not compensable before the amendment, the employer should be able to plead that defense now. To support that proposition, the employer cites *Sargent Electric Co. v. Woodall*, 228 Va. 419, 323 S.E.2d 102 (1984), where the Supreme Court held that an amendment to the commission's Rule 13 would not be used to extinguish an outstanding award. *Sargent* is easily distinguished because it involved an award that had already been made. However, *Island Creek Coal Company v. Breeding*, 6 Va. App. 1, 365 S.E.2d 782 (1988) is controlling. In *Island Creek*, this court held that the date of communication of the diagnosis controls the law that will be applied. Since the date of communication of the diagnosis, June 16, 1987, was after the enactment of the statute, it was properly applied.

*Affirmed.*

Koontz, C.J., and Barrow, J., concurred.