COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Annunziata and Overton


MONTGOMERY WARD & COMPANY, INC.

v.   Record No. 0660-95-1                    MEMORANDUM OPINION*
                                                PER CURIAM
RICHARD M. DOZIER                           SEPTEMBER 19, 1995

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Susan B. Potter; Vandeventer, Black, Meredith &
               Martin, on brief), for appellant.

               (T. Greg Willey, on brief), for appellee.


     Montgomery Ward & Company, Inc. ("employer") contends that

the Workers' Compensation Commission erred in finding that

Richard M. Dozier ("claimant") proved that he sustained a neck

injury causally related to his compensable March 9, 1993 injury

by accident.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The

actual determination of causation is a factual finding that will

not be disturbed on appeal if there is credible evidence to

support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App.

_____

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

684, 688, 376 S.E.2d 814, 817 (1989).  "The existence of contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

In awarding compensation benefits to claimant, the commission found as follows:

> Dr. [Isabelle L.] Richmond, [a neurosurgeon], testified in her deposition that she was provided with the medical records of Dr. [Joseph F.] Dilustro, and she also discussed the problem with that referring physician prior to examining the claimant.  She concluded from the medical reports and her discussions that the claimant's earlier neck problems for which surgery was performed October 2, 1992 had resolved by February 24, 1993.  However, the preexisting arthritic process and the October 1992 surgery had left the claimant's neck in an inherently weakened condition, which predisposed him to further accidental injury.  Dr. Richmond testified that the accidental event on March 9, 1993 caused a new and different injury, although in the same location as previously experienced.  She was not troubled that the onset of symptoms were delayed, noting that this was the nature of the injury suffered by the claimant.  Dr. Richmond concluded that the actual injury occurred on March 9, 1993, but the onset of symptomatology was insidious and would not be expected to be noticed for some weeks afterwards, especially upon consideration of the severely painful and distracting injury the claimant had suffered to . . . [his] [left arm].  Dr. Richmond found support for her opinion from the results of the EMG study performed on July 1, 1993, which was consistent with an acute injury and not merely an irritation of a preexisting problem.

The medical records and reports of Drs. Dilustro and

2

Richmond, coupled with Dr. Richmond's deposition testimony, provide credible evidence to support the commission's finding that the claimant suffered a cervical injury by accident on March 9, 1993. In its role as fact finder, the commission was entitled to weigh the opinions of Drs. Dilustro and Richmond, and to accept their conclusions. The commission was also entitled to discount the opinion of Dr. Frank W. Gwathmey, a hand surgeon. Dr. Gwathmey did not treat claimant for his neck condition. Moreover, Dr. Gwathmey deferred to Dr. Richmond's opinion concerning causation. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Id.

For these reasons, we affirm the commission's decision.

Affirmed.