COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Willis

GIANT FOOD, INC.
AND
LUMBERMENS MUTUAL CASUALTY COMPANY

v. Record No. 0788-95-4 MEMORANDUM OPINION[*]
PER CURIAM
JOSEPHINE C. PRICE SEPTEMBER 26, 1995

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Deborah A. Farson; Jordan, Coyne & Savits, on brief), for appellants.

(Robert B. Adams; Ashcraft & Gerel, on brief), for appellee.

Giant Food, Inc. and its insurer (hereinafter collectively referred to as "employer") contend that the Workers' Compensation Commission erred in finding that Josephine C. Price proved (1) an identifiable incident occurring at a reasonably definite time; and (2) a causal connection between the January 14, 1993 incident she described at the hearing and any structural or mechanical change in her right shoulder condition. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

Factual findings made by the commission will be upheld on appeal if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

I. Identifiable Incident

Price testified that on January 14, 1993, she was lifting boxes of chicken packed in ice weighing forty to fifty pounds. As she was lifting the third box of chicken, she felt a severe pain in her arm and was unable to continue working. She sought medical attention the next day from Dr. Alben Goldstein, a musculoskeletal disease specialist. Dr. Goldstein recorded a history of "[o]n January 14, 1993, Mrs. Price developed severe pain in her right shoulder and right wrist."

In holding that Price proved an identifiable incident, the commission found the following:

> In reviewing the recorded statement and contemporaneous medical reports, we do not find that the claimant's statements under oath regarding a sudden injury are impeached. It is clear that the claimant suffered from some underlying discomfort due to job-related repetitive strain. She discusses this discomfort in her statements to her doctors and the carrier. However, it is also clear that the claimant was able to perform her job despite her "unusual state of achy, annoying hurt," until January 14, 1993, when she experienced sudden, disabling pain. This sudden event was ultimately diagnosed in April, 1993, as an extensive, complete rotator cuff tear.

Claimant's testimony, which is not inconsistent with the history given by her to Dr. Goldstein, provides sufficient credible evidence to support the commission's finding. The

commission weighed the totality of the evidence, including the recorded statement, and resolved any inconsistencies in favor of Price. We will not disturb this finding on appeal. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

II. Causal Connection

"The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In finding that Price proved a causal connection between the January 14, 1993 incident and her right shoulder injury, the commission stated:

> The claimant's treating specialist, Dr. . . . Goldstein, stated unequivocally that, while the claimant had underlying tendinitis and rotator cuff degeneration caused by overuse on the job, "there was a specific incident which occurred on January 14, 1993," which culminated in a complete rotator cuff tear and immediate disability. Dr. [William A.] Hanff saw the claimant on one occasion, in August of 1993, and recorded the sudden onset of pain on January 14, 1993. He concluded however that the rotator cuff tear is chronic and not work related, and that the

> claimant's job does not involve repetitive stress.
>
> *     *     *     *     *     *     *
>
> Dr. Goldstein, the treating physician, expressed his unequivocal opinion is that the rotator cuff tear occurred suddenly on January 14, 1993. His opinion is consistent with the claimant's testimony. We will not discount this opinion based upon a single examination by Dr. Hanff. Nor do we find that the claimant's credible testimony is impeached by minor inconsistencies in the medical record or recorded statement.

In its role as fact finder, the commission was entitled to accept Dr. Goldstein's opinion and to reject the opinion of Dr. Hanff. In cases of conflicting medical evidence, "'[t]he general rule is that when an attending physician is positive in his diagnosis . . . , great weight will be given by the courts to his opinion.'" <u>Pilot Freight Carriers, Inc. v. Reeves</u>, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986) (citations omitted). Dr. Goldstein's opinion provides credible evidence to support the commission's decision. The existence of "contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." <u>Brooks</u>, 12 Va. App. at 894, 407 S.E.2d at 35.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>