COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


WFS FINANCIAL CORPORATION
AND
VIGILANT INSURANCE COMPANY

v.   Record No. 1369-95-4                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
JEAN S. TOMBOULIAN                          NOVEMBER 21, 1995


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Frank R. Kearney; Mell, Brownell & Baker,
                on brief), for appellants.

                (Michele S. Lewane; Hubard, Samuels & Lewane, on
                brief), for appellee.



        WFS Financial Corporation and its insurer (hereinafter

collectively referred to as "employer") contend that the Worker's

Compensation Commission erred in finding that Jean Tomboulian

proved that her medical treatment since October 1991 was causally

related to her compensable March 3, 1986 injury by accident.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The

actual determination of causation is a factual finding that will

not be disturbed on appeal if there is credible evidence to

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In awarding compensation benefits to Tomboulian, the commission found as follows:

After careful Review of the medical evidence, we find the Deputy Commissioner did not err in holding the employer responsible for the bills incurred by [Tomboulian] after October 1991 at [University of North Carolina Hospital ("UNC")]. Although the exact etiology of [Tomboulian's] complaints remains unknown, her complaints and history of crush injury have been consistently documented since 1987. Dr. [Steven K.] Gudeman opined that her complaints are directly related to the 1986 accident. Possible unrelated causes, such as cervical radiculopathy and carpal tunnel syndrome, have been ruled out. We find that the evidence is sufficient to carry the claimant's burden of proof.

In its role as fact finder, the commission was entitled to weigh the medical evidence and to accept the opinion of Dr. Gudeman, Professor and Chief of the Division of Neurosurgery at UNC. The commission was also entitled to reject the opinion of independent medical examiner, Dr. David Zelouf, who examined Tomboulian on two occasions at employer's request. In cases of conflicting medical evidence, "[t]he general rule is that when an attending physician is positive in his diagnosis . . . , great weight will be given by the courts to his opinion." Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d

570, 572 (1986). Dr. Gudeman's opinion, along with Tomboulian's history of ongoing right hand and wrist symptoms since the March 3, 1986 injury by accident, constitute credible evidence to support the commission's decision. "The existence of contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For the reasons stated, we affirm the commission's decision.

Affirmed.