COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Annunziata and Overton


FRANKLIN EQUIPMENT COMPANY
AND
CONTINENTAL INSURANCE COMPANY

MEMORANDUM OPINION[*]
v.   Record No. 2059-95-1                           PER CURIAM
                                               FEBRUARY 20, 1996
CLAUDETTE M. WOODLEY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Ruth N. Carter; Midkiff & Hiner, on briefs),
                for appellants.

                (Gregory E. Camden; Rutter & Montagna, on
                brief), for appellee.



        Franklin Equipment Company and its insurer (hereinafter
collectively referred to as "employer") contend that the Workers'
Compensation Commission erred in finding that (1) Claudette M.
Woodley (claimant) proved a causal relationship existed between
her right carpal tunnel syndrome and her compensable February 22,
1994 injury by accident; and (2) claimant, who had not been
released to return to work, did not have a duty to market her
residual work capacity.  Upon reviewing the record and the briefs
of the parties, we conclude that this appeal is without merit.
Rule 5A:27.

                I.  Carpal Tunnel Syndrome/Causation

        On appeal, we view the evidence in the light most favorable
to the prevailing party below.  R.G. Moore Bldg. Corp. v.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In ruling that claimant met her burden of proving that her right carpal tunnel syndrome resulted from her compensable February 22, 1994 injury by accident, the commission found as follows:

> The claimant testified that she had continuing arm pain following her injury on February 22, 1994. She did not seek medical treatment until April 1, 1994, approximately five weeks after her accident. At that time, Dr. [Glenn] Bidwell diagnosed a right shoulder sprain. However, on April 19, 1994, as reflected in his Attending Physician's Report, he noted complaints of right wrist discomfort which he attributed to the industrial accident. Dr. [J.M.] Britt, [Jr.], in his letter of August 25, 1994, opined that the claimant's right carpal tunnel syndrome was "related to an injury which occurred on the job while she was welding. . . ." in February 1994. He rendered this opinion after taking cognizance of a previously-neglected notation in his office notes concerning the February 1994 incident. While we note the opinions of Drs. [James R.] Malcolm and [Herbert W.] Park, we find Dr. Britt's opinion more persuasive.

In its role as fact finder, the commission was entitled to weigh the medical evidence and to accept the opinions of Drs.

2

Bidwell and Britt, the treating physicians. The commission was also entitled to reject the opinions of Drs. Malcolm and Park, who reviewed medical records at employer's request, but who never examined claimant. In cases of conflicting medical evidence, "[t]he general rule is that when an attending physician is positive in his diagnosis . . . , great weight will be given by the courts to his opinion." Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986). The opinions of Drs. Bidwell and Britt, along with claimant's description of her industrial accident and her history of ongoing right arm symptoms since the February 22, 1994 injury by accident, constitute credible evidence to support the commission's decision. "The existence of contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

## II. Marketing

The commission found that "claimant [had] not been released in any capacity by either Dr. Bidwell or Dr. Britt." The medical records of Drs. Bidwell and Britt provide credible evidence to support this finding. Accordingly, we cannot find that the commission erred in ruling that claimant was totally disabled and, therefore, had no duty to market her residual capacity.

For the reasons stated, we affirm the commission's decision. Claimant's request for an order awarding attorneys' fees and

3

costs is denied.

                                        Affirmed.

4