COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

VIRGINIA ELECTRIC & POWER COMPANY

v.   Record No. 2654-95-2                    MEMORANDUM OPINION[*]
                                                PER CURIAM
ROBERT H. BRICE                              APRIL 30, 1996

                           FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

            (Ruth Nathanson Carter; Midkiff & Hiner, on
            brief), for appellant.

            (Thomas J. Schilling, on brief), for
            appellee.


    Virginia Electric & Power Company ("employer") contends that

the Workers' Compensation Commission erred in finding that Robert

H. Brice ("claimant") proved a causal relationship between his

fibromyalgia and his compensable May 9, 1991 injury by accident.

 Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

    On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The

actual determination of causation is a factual finding that will

not be disturbed on appeal if there is credible evidence to

support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App.

--------------------

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

684, 688, 376 S.E.2d 814, 817 (1989). "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In finding that claimant sustained his burden of proving a compensable change in condition, the commission found as follows:

> The medical record is in conflict. Dr. Willis diagnosed the claimant with fibromyalgia "associated with his primary symptom complex," in March of 1994. Dr. Calkins likewise diagnosed fibromyalgia in September 1994, but stated that she was not qualified to determine whether the fibromyalgia stemmed from the dog bite. Dr. Lomeo, a rheumatologist, stated that the claimant has a secondary fibromyalgia syndrome from his dog attack. However, Dr. Lomeo also stated that the claimant has reflex sympathetic dystrophy which is unsupported by the record. Dr. Malcolm stated that the claimant's records do not support a finding of RSD, and that his fibromyalgia is unrelated to the 1991 injury. Two of the treating doctors link the fibromyalgia to the dog bite. Only Dr. Malcolm, who has never treated the claimant, believes that the fibromyalgia is unrelated to the dog bite.

In its role as fact finder, the commission was entitled to weigh the medical evidence and to accept the opinions of Drs. Willis and Lomeo, and to reject Dr. Malcolm's opinion. Dr. Malcolm performed a record review for employer and never examined claimant. The opinions of Drs. Willis and Lomeo constitute credible evidence to support the commission's decision. "The existence of contrary evidence in the record is of no consequence if there is credible evidence to support the commission's

2

finding." <u>Wagner Enters., Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>