COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


GRACE E. FALLS

v.   Record No. 1040-96-3                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
VIRGINIA MENNONITE RETIREMENT             OCTOBER 1, 1996
AND
CENTURY INDEMNITY COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (A. Thomas Lane, Jr., on brief), for
            appellant.

            (Douglas A. Seymour, on brief), for
            appellees.


     Grace E. Falls ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in finding that her

current symptomatology concerning her upper back, neck, shoulder

and cervical condition was not causally related to her

compensable October 3, 1990 injury by accident.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The

actual determination of causation is a factual finding that will

not be disturbed on appeal if there is credible evidence to

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In ruling that Virginia Mennonite Retirement ("employer") sustained its burden of proof, the commission found as follows:

> The Deputy Commissioner relied heavily on the medical records of the claimant's treating physician, Dr. [Galen] Craun. In addition to relying on Dr. Craun, we also rely on the employer medical evaluator, Dr. [George A.] Godette, and the medical records reviewer, Dr. [James N.] Nutt. We find Dr. Craun's deposition testimony credible in that when [claimant] first presented to him in October, 1990, five days after the accident, she complained only of low back pain. [Claimant] continued treating with Dr. Craun until May 22, 1991. During this period, Dr. Craun testified that [claimant] made no complaints for any physical ailment other than her low back. Thus, Dr. Craun treated [claimant] only for her low back. Dr. Craun's medical records corroborate his testimony. We place more weight on the treating physician's (Dr. Craun's) testimony and contemporaneous medical records than the opinions of Dr. Riggleman and Dr. Andrea Trescot expressed five years after the injury.

In its role as fact finder, the commission was entitled to weigh the medical evidence and to accept the opinions of Drs. Craun, Godette, and Nutt. The commission was also entitled to reject the opinions of Drs. Riggleman and Trescot. The opinions of Drs. Craun, Godette, and Nutt, as well as Dr. Craun's contemporaneous medical records, constitute credible evidence to

2

support the commission's decision.  "The existence of contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For the reasons stated, we affirm the commission's decision.

Affirmed.