COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


C. W. WRIGHT CONSTRUCTION COMPANY, INC.
AND
INSURANCE COMPANY OF NORTH AMERICA          MEMORANDUM OPINION*
                                                PER CURIAM
v.    Record No. 2301-96-3                   MARCH 4, 1997

DAVID EDWARD CARTER


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (A. James Kauffman; Eric J. Remington;
              Taylor, Hazen & Kauffman, on brief), for
              appellants.

              (Russell W. Updike; Wilson & Updike, on
              brief), for appellee.


     C. W. Wright Construction Company, Inc. and its insurer

(hereinafter collectively referred to as "employer") contend that

the Workers' Compensation Commission erred in finding that (1)

David Edward Carter (claimant) proved that the aggravation of his

preexisting left knee condition was a compensable consequence of

his December 1992 right knee injury; and (2) the Supreme Court's

holding in Stenrich Group v. Jemmott, 251 Va. 186, 467 S.E.2d 795

(1996), was not applicable to this case.  Upon reviewing the

record and the briefs of the parties, we find that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

_____

          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

The evidence established that on June 17, 1991, claimant sustained a compensable back injury.  In December 1992, during rehabilitation for the back injury, claimant fell and sustained a compensable right knee injury, which resulted in surgery to his right knee.  Due to claimant's right knee symptoms, he shifted his weight and altered his gait, causing a strain on his left knee.  Claimant had sustained a football injury to his left knee in 1977, which resulted in surgery and some residual impairment.  Beginning in April 1993, claimant complained of left knee pain to his physicians.  Ultimately, claimant's physicians recommended surgery for claimant's left knee and opined that the left knee condition resulted from an aggravation of claimant's preexisting left knee problems due to the transfer of weight to the left knee as a result of the right knee injury.

In distinguishing Stenrich and in holding employer responsible for the cost of medical treatment for claimant's left knee condition, the commission found as follows:

> In Stenrich, the Court was considering the claimant's burden in establishing an injury by accident.  Here, the injury by accident has been established, and we are considering the compensable consequences of

2

> that injury. In this case, the claimant need only show a causal connection between the compensable injury and a condition which flowed naturally from that injury.
>
> The issue presented in this case is essentially a medical one. The medical evidence is not in conflict. The three physicians who have attended the claimant for the left knee condition, all agree that the condition flowed as a natural consequence from the compensable right knee injury.

The uncontradicted medical records and testimony of Drs. Marilyn K. Glaser, Ian D. Archibald, and Susan T. Bertrand provide ample credible evidence to support the commission's finding that claimant's compensable right knee injury caused a material aggravation of his preexisting left knee condition, resulting in the necessity of left knee surgery. The doctrine of compensable consequences provides that, "'[w]hen the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment, unless it is the result of an independent intervening cause attributable to claimant's own intentional conduct.'" Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 283, 348 S.E.2d 876, 879 (1986) (citation omitted). Because credible evidence supports the commission's findings, they are binding upon us on appeal. These findings support the application of the doctrine of compensable consequences in this case.

In addition, the rule set forth in Stenrich was not applicable to this case. Claimant had already proven a

3

compensable injury by accident to his right knee.  Therefore, the commission did not err in refusing to apply <u>Stenrich</u>.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>

4