COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


C. W. WRIGHT CONSTRUCTION COMPANY, INC.
AND
INSURANCE COMPANY OF NORTH AMERICA          MEMORANDUM OPINION[*]
                                               PER CURIAM
v.    Record No. 3070-96-4                   MAY 6, 1997

LARRY W. BURACKER


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (A. James Kauffman; Taylor, Hazen & Kauffman,
            on brief), for appellants.

            (Nikolas E. Parthemos; Prosser, Parthemos &
            Bryant, on brief), for appellee.



        C. W. Wright Construction Company and its insurer

(hereinafter collectively referred to as "employer") contend that

the Workers' Compensation Commission erred in finding that Larry

W. Buracker proved that his December 22, 1986 compensable injury

by accident caused his brain injury.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The

actual determination of causation is a factual finding that will

not be disturbed on appeal if there is credible evidence to

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

The evidence proved that on December 22, 1986, Buracker fell approximately thirty feet from a power pole where he was working. He struck his head and the left side of his chest on the ground, and he sustained multiple injuries, including a head injury. Employer accepted the accident as compensable and paid Buracker temporary total disability benefits pursuant to various awards of the commission. Buracker returned to work for brief periods in 1988 and 1990.

Buracker filed an application seeking an award for permanent total disability benefits pursuant to Code § 65.2-503(C)(3). Employer stipulated that Buracker's brain injury was so severe as to render him permanently unemployable in gainful employment. However, employer contended that the brain condition was not caused by the December 22, 1986 compensable accident.

In 1996, Dr. Bernard Lewis, a licensed clinical psychologist who began treating Buracker in 1988, opined that Buracker "is completely and totally disabled from any form of gainful employment . . . [,] that this is directly attributable to the head injury he suffered in the December 22, 1986 fall . . . [, and] that his total disability is permanent . . . ." In addition, Dr. Glenn J. Kehs, a neurologist, examined Buracker, reviewed Buracker's medical records, and opined that Buracker sustained a permanent brain injury as a result of the December

2

22, 1986 accident, rendering him permanently and totally disabled.

In its role as fact finder, the commission was entitled to weigh the medical evidence and to accept the opinions of Drs. Lewis and Kehs, and to reject any contrary medical opinions. "Questions raised by conflicting medical opinion must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Under the circumstances of this case, we find no merit in employer's argument that the commission should not have considered the opinion of a licensed clinical psychologist, especially, where as here, a neurologist agreed with the psychologist's opinion.

The opinions of Drs. Lewis and Kehs provide credible evidence to support the commission's decision. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Id.

For the reasons stated, we affirm the commission's decision.

Affirmed.

3