COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


STRATFORD AND MONTICELLO SQUARE APARTMENTS, LTD.
and
STATE FARM FIRE AND CASUALTY COMPANY

                                    MEMORANDUM OPINION*
v.    Record No. 1087-97-4              PER CURIAM
                                      OCTOBER 14, 1997
PHILLIP ALAN SHARP


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Scott C. Ford; Midkiff & Hiner, on brief),
            for appellants.

            (Kathleen G. Walsh; Ashcraft & Gerel, on
            brief), for appellee.


        Stratford and Monticello Square Apartments, Ltd. and its

insurer (jointly referred to herein as employer) contend that the

Workers' Compensation Commission (commission) erred in (1)

holding employer responsible for the cost of Dr. Robert P.

Nirschl's treatment and (2) finding that Phillip Alan Sharp's

(claimant) right shoulder condition was causally related to

claimant's compensable December 7, 1993 injury by accident.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

                                I.

        In holding that Dr. Nirschl was the authorized treating

physician, the commission found as follows:

_____
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> The Deputy Commissioner, as well as counsel for the employer, have considered this case as a compensable claim in which Dr. [Bernard] Lublin's status as the authorized treating physician has been established. This is not the case. The claim was denied by the employer, and the claimant placed himself under the care of Dr. Lublin whose services were paid for by the employer's health and accident carrier. When [claimant] was terminated by his employer, he was no longer entitled to those medical benefits. The claimant was unable to make other arrangements to pay for services by Dr. Lublin, who declined further treatment. [Claimant] then commenced treatment with Dr. Nirschl . . . .
>
> The claimant continued under Dr. Nirschl's care for a period of some five months before the compensability of the claim was finally established. Since [Dr. Nirschl] has treated the compensable right shoulder injury for an extended period of time, we find that he is the authorized treating physician.

The medical records and claimant's testimony provide credible evidence to support the commission's factual findings. Thus, they are binding on appeal. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). When employer denied the claim and then terminated claimant from employment, claimant could no longer pay for Dr. Lublin's treatment. Therefore, claimant sought a physician who would treat him on a promise to pay basis. Dr. Nirschl agreed to provide such treatment. Under these circumstances, we cannot say that the commission erred in ruling that Dr. Nirschl was claimant's authorized treating physician.

II.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

In a June 21, 1996 report, Dr. Nirschl related claimant's current right shoulder condition to the December 7, 1993 injury by accident. Dr. Nirschl noted his objective findings and claimant's right shoulder symptoms which continued even after the surgery performed by Dr. Lublin. Dr. Nirschl opined that claimant should undergo surgery "to try to re-repair the [right] rotator cuff tear."

Dr. Nirschl's medical records and opinions constitute credible evidence to support the commission's finding that claimant's current right shoulder condition is causally related to the December 7, 1993 compensable injury by accident.

For these reasons, we affirm the commission's decision.

Affirmed.