COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


BERRY ENTERPRISES, INC. AND
 TRANSCONTINENTAL INSURANCE COMPANY

                                        MEMORANDUM OPINION*
v.    Record No. 1213-99-3                   PER CURIAM
                                         OCTOBER 5, 1999
RODNEY ALLEN JOHNSON


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (William F. Karn; Law Offices of Roya Palmer
              Ewing, on brief), for appellants.

              (Ginger J. Largen; Morefield, Kendrick,
              Hess & Largen, P.C., on brief), for appellee.


     Berry Enterprises, Inc. and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission (commission) erred in finding that

Rodney Allen Johnson (claimant) proved that his herniated lumbar

disc was causally related to his September 2, 1997 injury by

accident.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).  "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."  Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991).

In concluding that the medical evidence, the histories, and the onset of claimant's symptoms supported a finding that his back symptoms were causally related to his September 2, 1997 injury by accident, the commission found as follows:

> The medical record repeatedly refers to the onset of symptoms following a work-related lifting incident on September 2, 1997.  When questioned about his chest pain, the claimant informed the physicians that he performed heavy labor and injured his back.  On his follow-up examination, he reported chronic symptoms for three months.  In addition, the claimant told his supervisor, [Jonathan] Pierce about the injury.
>
> On January 19, 1998, the claimant told Dr. [William T.] Powers about the previous injury in August 1996 but that the injury resolved.  [Claimant] did not have any problem after that until September 1997.  On February 12, 1998, Dr. Powers informed Dr. [Neal A.] Jewell "of back pain which seems to date to September of 1997. . . ."  Dr. Jewell detailed a history of lifting a 12-inch block on September 2, 1997, and then an onset of acute low back pain.  He noted that the claimant continued to work and that the symptoms varied with his work

- 2 -

> activities.  Other health care providers
> have also reported the September 1997 work
> injury as the source of the current
> symptoms.  For example, the physical
> therapist noted on February 16, 1998, that
> the claimant states that on September 2,
> 1997 he was laying 12 inch block at the
> Rescue Squad when he leaned forward and
> twisted and felt a sharp pain in his back.
> He has had progressive pain since that
> time. . . ."

Claimant's testimony, coupled with the medical records and histories of Drs. Powers and Jewell, constitutes credible evidence from which the commission could reasonably infer that claimant's herniated disc was causally related to the September 2, 1997 injury by accident.  "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).  Here, the evidence supported an inference that the September 2, 1997 injury by accident caused claimant's current back condition.

Employer's argument that the commission erroneously relied upon the medical histories because claimant's physicians were not aware of his activities after the September 2, 1997 incident is without merit.  Both physicians were clearly aware that claimant had continued to work for several months after the September 2, 1997 incident.  In addition, because the commission relied upon credible evidence to support its finding of

causation, it did not impermissibly require employer to establish a non-work-related cause of claimant's herniated disc.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>