COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Annunziata and Senior Judge Cole


UNITED WINNER METALS, INC. AND
 TRANSPORTATION INSURANCE COMPANY
                                    MEMORANDUM OPINION*
v.    Record No. 1195-00-2              PER CURIAM
                                     SEPTEMBER 26, 2000
TANYA MARIE HARDEE


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Jennifer G. Marwitz; Law Offices of Roya
            Palmer Ewing, on brief), for appellants.

            No brief for appellee.


     United Winner Metals, Inc. and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Tanya Marie Hardee

(claimant) proved that (1) she was totally disabled from any

gainful employment from January 3, 1996 through February 5,

1996; and (2) her medical treatment beginning April 16, 1997 was

causally related to her compensable September 26, 1995 injury by

accident.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "Factual findings made by the commission will be upheld on appeal if supported by credible evidence."  James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

## Disability

The medical records established that after claimant's September 26, 1995 injury by accident, she started treatment with Dr. Edward D. Habeeb, an orthopedist, on October 9, 1995. Dr. Habeeb placed claimant on light-duty restrictions until January 2, 1996, when he discharged her.

Claimant testified that she attempted to return to work on January 2, 1996, but had to leave work due to muscle spasms in her back.  She stated that she had not worked since that date.

On January 11, 1996, claimant returned to Dr. Habeeb and reported that "she . . . had a complete relapse of all of her symptoms in her back.  She relates that she was out cutting with a welding torch when all of the symptoms returned.  There was no actual trauma to cause it."  Based upon Dr. Habeeb's examination and tests, he did not have any treatment to offer claimant other than her own exercise program and medication as necessary.  Dr. Habeeb agreed that claimant should seek a second opinion.  In

his Attending Physician's Report, Dr. Habeeb indicated that claimant was disabled as of January 11, 1996 and it was "unknown" when she would be able to return to regular work.

On February 5, 1996, Dr. Curtis V. Spear, Jr. examined claimant. Dr. Spear recorded a history of claimant's initial injury and the flare-up of pain on January 3, 1996. Dr. Spear ordered physical therapy and released claimant to light-duty work with no lifting of more than twenty pounds.

Based upon this record, the commission found as follows:

> [T]he Deputy Commissioner properly awarded temporary total disability benefits beginning January 3 through February 5, 1996. The claimant testified credibly that she had to leave work on January 3, 1996, because the work caused a severe muscle spasm in her back. Dr. Habeeb's Attending Physician's Report indicates that the claimant was disabled as of the date he examined her, January 11, 1996. Dr. Spear released the claimant to light-duty work on February 5, 1996. This evidence establishes disability for this short period.

The medical records of Drs. Habeeb and Spear, coupled with claimant's testimony, constitute credible evidence to support the commission's finding. Based upon this evidence, the commission could reasonably infer that claimant was totally disabled from gainful employment from January 3, 1996 through February 5, 1996. Accordingly, we will not disturb the commission's finding on appeal.

"The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

On April 17, 1997, claimant sought treatment at the Portsmouth Naval Hospital emergency room.  The hospital's consultation sheet reflected a history of "chronic mid to upper back pain from trauma (fell out of truck 6' off ground) 2 yrs. ago; recurrent sharp pain - not resolved."  The physician's assistant diagnosed "recurrent mid-upper back pain," and referred claimant to Dr. Ali-Reza Jamali, an orthopedist.

On May 8, 1997, Dr. Jamali examined claimant.  At that time, claimant completed an information sheet, upon which she recorded three dates of injury:  September 26, 1995, January 3, 1996, and April 16, 1997.  Dr. Jamali recorded a history of a fall on September 26, 1995 and severe pain of a three-week duration since claimant had pulled her back again.  Dr. Jamali diagnosed a severe thoracic sprain and recommended bed rest, ice, and an MRI.  The MRI was normal.  Thereafter, Dr. Jamali recommended that claimant continue with physical therapy.

Dr. Jamali referred claimant to Dr. Lisa B. Barr, a physiatrist.  Dr. Barr examined claimant on June 26, 1997 and recorded a history consistent with claimant's September 26, 1995

injury by accident, along with an acute onset of pain in April 1997. Dr. Barr opined that claimant's "persistent pain and recent flare up is, in all likelihood, related to some recurrent mechanical dysfunction."

Based upon these medical records, the commission ruled that claimant's medical treatment after April 1997 was causally related to her September 26, 1995 injury by accident. The medical records of Portsmouth Naval Hospital and Drs. Jamali and Barr constitute credible evidence from which the commission could reasonably infer that claimant's treatment after April 16, 1997 was causally related to her September 26, 1995 injury by accident. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

For these reasons, we affirm the commission's decision.

Affirmed.