COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


GOODYEAR TIRE & RUBBER COMPANY AND
 TRAVELERS INDEMNITY COMPANY OF ILLINOIS
                                        MEMORANDUM OPINION*
v.    Record No. 1753-00-3                 PER CURIAM
                                         NOVEMBER 28, 2000
KATHRYN HINTON BOWE


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (James A. L. Daniel; Martha White Medley;
             Daniel, Vaughan, Medley & Smitherman, P.C.,
             on brief), for appellants.

             (Stephen G. Bass; Carter, Craig, Bass,
             Blair & Kushner, P.C., on brief), for
             appellee.


     Goodyear Tire & Rubber Company and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Kathryn Hinton

Bowe (claimant) proved that she sustained a compensable injury

by accident to her left knee on April 2, 1999.  Specifically,

employer argues that claimant failed to prove that her left knee

injury and disability were causally related to the April 2, 1999

accident.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).  "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

In holding that claimant established a compensable injury by accident to her left knee on April 2, 1999, the commission found as follows:

> [C]laimant's hearing testimony concerning the accident on April 2, 1999, is supported by the employer's clinic notes, as well as the subsequent medical reports.  Dr. [Mark G.] Nevin and Dr. [Robert] Cassidy have related the claimant's left knee injury to the April 2, 1999, accident.  We note that even if the claimant experienced problems with her left knee in December 1998, she had no additional difficulties and received no treatment until after the April 2, 1999, accident.  While the surgery the claimant subsequently underwent for her left knee may have been similar to that on her right knee, this does not negate that, at most, in

-

December 1998 the claimant's x-ray of her left knee showed osteoarthritic changes. There was no evidence at that time of a torn lateral meniscus for which Dr. Cassidy operated on claimant after the April 2, 1999, accident. While we have considered the report of Dr. [K. Thomas] Wagoner[, Jr.], we find that the medical reports of Dr. Nevin and Dr. Cassidy relating claimant's problem to the April 2, 1999, accident, are more persuasive. Dr. Wagoner never examined the claimant. He merely reviewed the medical reports supplied by the employer. His report does not consider that the December entry from the employer and Piedmont Prime Care may have incorrectly noted the left knee as opposed to the right knee. In addition, his report does not adequately take into consideration the onset of symptoms and findings by the physicians who treated the claimant in January 1999 and subsequently for her April 1999 accident.

In its role as fact finder, the commission was entitled to accept the opinions of Drs. Nevin and Cassidy, and to reject Dr. Wagoner's contrary opinion. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). The opinions of Drs. Nevin and Cassidy, coupled with claimant's testimony, constitute credible evidence to support the commission's findings. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner, 12 Va. App. at 894, 407 S.E.2d at 35.

-

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.