COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


B.A. MULLICAN LUMBER & MANUFACTURING
 AND SECURITY INSURANCE COMPANY
 OF HARTFORD
                                        MEMORANDUM OPINION*
v.   Record No. 1771-01-3                    PER CURIAM
                                         NOVEMBER 6, 2001
LARRY HUBBARD


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Ramesh Murthy; Lisa Frisina Clement; Penn
              Stuart, on brief), for appellants.

              (P. Heith Reynolds; Wolfe, Farmer, Williams &
              Rutherford, on brief), for appellee.


      B.A. Mullican Lumber & Manufacturing and Security Insurance

Company of Hartford (hereinafter referred to as "employer")

contend that the Workers' Compensation Commission erred in

finding that Larry Hubbard proved that his April 24, 2000

surgery and subsequent disability were causally related to his

compensable July 2, 1999 injury by accident.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

      On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

On July 2, 1999, claimant suffered a compensable injury by accident which caused a left inguinal hernia.  Employer stipulated that claimant was disabled from September 10, 1999, the date of his surgery for ventral and left inguinal hernia repairs by Dr. William Garrett, through October 10, 1999.

On April 24, 2000, Dr. Garrett treated claimant at the Lonesome Pine Hospital.  Dr. Garrett noted that appellant presented at the emergency room with an apparent recurrent and incarcerated ventral hernia.  Dr. Garrett performed an exploratory laparotomy, an appendectomy, and an evacuation of abscess and repair of the ventral hernia.  Dr. Garrett rendered a post-operative diagnosis of a functional bowel obstruction and recurrence of ventral hernia secondary to perforated vermiform appendix with intraperitoneal abscess and free feces in the peritoneal cavity.

In his May 2, 2000 discharge summary, Dr. Garrett noted a diagnosis of vermiform appendix with peritonitis and sepsis, a functional small bowel obstruction with recurrent ventral hernia, hypertension, and atrial fibrillation.  Dr. Garrett

- 2 -

noted that during the surgery claimant had an appendectomy, evacuation of abscess and repair of ventral hernia. Dr. Garrett's findings included a functional bowel obstruction with recurrence of the ventral hernia secondary to a perforated vermiform appendix with intraperitoneal abscess and free feces in the peritoneal cavity.

Employer referred claimant's medical records to Dr. Andrew P. Kramer for review. Dr. Kramer concluded that claimant's hernia repair on September 10, 1999 was causally related to his work accident. Dr. Kramer concluded further that the "recurrence of [claimant's] ventral hernia is an unfortunate sequelae of his previous surgery, and most like[ly] exacerbated by his bout with appendicitis." (Emphasis added.)

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Based upon the medical evidence taken as a whole, the commission concluded that claimant's recurrent hernia was causally related to his initial work-related hernia. Credible evidence, including the medical records of Drs. Garrett and Kramer support the commission's findings. Based upon their medical records, the commission, as fact finder, could reasonably infer that "although the recurrent hernia was not a direct consequence of the initial accident, it is a sequelae of

the previous surgery."  "'When the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment, unless it is the result of an independent intervening cause attributable to claimant's own intentional conduct.'"  Imperial Trash Serv. v. Dotson, 18 Va. App. 600, 606-07, 445 S.E.2d 716, 720 (1994) (quoting Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 283, 348 S.E.2d 876, 879 (1986)).

"If there is evidence, or reasonable inferences can be drawn from the evidence, to support the Commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding."  Morris, 3 Va. App. at 279, 348 S.E.2d at 877.  Accordingly, we affirm the commission's decision.

Affirmed.