COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Senior Judge Coleman
Argued at Chesapeake, Virginia


COLONIAL WILLIAMSBURG FOUNDATION
                                    MEMORANDUM OPINION* BY
v.    Record No. 1388-02-1          JUDGE SAM W. COLEMAN III
                                         DECEMBER 31, 2002
WILLIAM K. BRADBY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Kathryn Spruill Lingle (Theisen & Lingle,
            P.C., on brief), for appellant.

            Byron A. Adams for appellee.


     Colonial Williamsburg Foundation (employer) appeals a

decision of the Workers' Compensation Commission holding

employer responsible for certain medical expenses incurred by

William K. Bradby (claimant).  Employer contends the commission

erred in finding (1) claimant proved that medical treatments

rendered by Dr. Patrick Harding, Dr. Robert Solomon, and by

Williamsburg Community Hospital on April 14, 2000 were causally

related to claimant's compensable December 2, 1999 injury by

accident; and (2) Dr. Solomon was an authorized treating

physician.  Finding no error, we affirm the commission's

decision.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I. Causal Relationship of Medical Expenses

"The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).  "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."  Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

In holding employer responsible for medical treatments rendered by Drs. Harding and Solomon and by Williamsburg Community Hospital, the commission found as follows:

> Dr. Harding[, a neurologist,] examined claimant on several occasions and ordered numerous diagnostic tests in his attempt to discover the cause of the claimant's neurological deficits.  Dr. Harding eventually ruled out that these deficits were caused by a stroke.  However, he ultimately was unable to relate the claimant's condition to a particular cause, finding that they were consistent with both a closed head injury such as that suffered by the claimant in the original accident as well as non-accidental ischemic disease.

> The employer contends that it is not responsible for the costs of care rendered by Dr. Harding because it is unrelated to the claimant's original accidental injury . . . .  We disagree.  At best, Dr. Harding's records reflect uncertainty regarding whether the claimant's neurologic problems were related to the December 1999 accident.  Subsequently, Dr. Solomon clearly diagnosed that the claimant's ataxia and associated symptoms are related to that

-

accident. The uncontroverted testimony of both the claimant and his wife was that the claimant did not suffer from any of these symptoms and neurologic deficits prior to the December 1999, accident. The employer produced no evidence to refute this testimony. None of the claimant's other treating physicians have been able to definitively rule out the accident as the cause of these symptoms and deficits. Thus we find that the preponderance of the evidence supports the claimant's contention that the care rendered by Dr. Harding is causally related to the compensable accident.

In his December 5, 2000 medical summary Dr. Solomon opined: "My conclusion is that [William Bradby] suffered a closed head injury with continued ataxia or unsteadiness of gait, cognitive deficits or memory problems, and he is unable to work." Later in his summary Dr. Solomon reiterated, "My impression as a result of his injury on December 2, 1999, resulting in closed head injury, he continues to have problems with balance, ataxia, slurred speech and cognitive and memory loss, and I feel this is a permanent disability." Dr. Solomon went on to state that in his opinion the MRI imaging of Mr. Bradby's brain revealed some isclemic white small vessel disease "but has not revealed any evidence of acute CVA, so I do not believe he has had a CVA causing his symptoms."

Thus, Dr. Solomon's medical records and opinions, coupled with the testimony of claimant and his wife, constitute credible evidence to support the commission's finding that claimant's neurologic symptoms were causally related to his compensable

-

December 2, 1999 injury by accident and not to a stroke.  Based upon that credible evidence, the commission could conclude that the treatments rendered by Drs. Harding and Solomon and the treatment rendered by Williamsburg Community Hospital on April 14, 2000 for claimant's neurologic symptoms were causally related to claimant's December 1999 injury by accident. Accordingly, we will not disturb the commission's finding that employer is responsible for the medical treatments rendered by Drs. Harding and Solomon and Williamsburg Community Hospital.

## II.  Dr. Solomon

In ruling that claimant was justified in selecting Dr. Solomon as a treating neurologist, the commission found as follows:

> [T]he primary treating physician, Dr. [Monique N.] Sessler, referred the claimant to Dr. Harding for consideration of the claimant's neurological complaints. Once the employer took the position that the treatment rendered by Dr. Harding was unrelated, it refused to pay for his treatment of the claimant.  At that point, the claimant became free to select his own neurologist.  He ultimately selected Dr. Solomon because Dr. Harding refused further treatment in light of the refusal of the employer to pay for his care of the claimant.  The record does not substantiate the employer's contention that the claimant sought Dr. Solomon's care only because Dr. Harding would not relate the claimant's complaints to the original accident. Rather, at most Dr. Harding remained uncertain as to the causal connection, but he never definitively ruled out such a connection.

-

"Where an employer initially denies that an injury is compensable, the employee is entitled to select a treating physician." Marriott Intern., Inc. v. Carter, 34 Va. App. 209, 216, 539 S.E.2d 738, 741 (2001). The fact that the commission had previously directed claimant to chose a pain management specialist is not dispositive of whether Dr. Solomon's treatment for claimant's neurologic problems was compensable. After employer denied liability for Dr. Harding's treatment on the ground that claimant's neurologic problems were not causally related to his compensable injury by accident, claimant was free to select his own physician to treat those neurologic problems. Claimant chose Dr. Solomon, whose treatment, as stated above, was causally related to claimant's compensable injury by accident. Accordingly, the commission did not err in ruling that Dr. Solomon was an authorized treating physician.

For these reasons, we affirm the commission's decision.

Affirmed.

-