COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


HERITAGE ELECTRICAL CORPORATION
AND
FEDERATED MUTUAL INSURANCE COMPANY

                                        MEMORANDUM OPINION[*]
v.    Record No. 2475-97-2                 PER CURIAM
                                         MARCH 10, 1998
CHRISTOPHER MILES LAINE


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Robert M. McAdam; David W. Hearn; Wooten &
                Hart, on briefs), for appellants.

                (William R. Keown; Beddow, Marley &
                Associates, on brief), for appellee.


        Heritage Electrical Corporation and its insurer (hereinafter

referred to as "employer") contend that the Workers' Compensation

Commission erred in finding that Christopher Miles Laine proved

that (1) he sustained an injury by accident arising out of and in

the course of his employment on June 24, 1995; and (2) his

disability after June 24, 1995 was causally related to the June

24, 1995 injury by accident.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## I.  Injury by Accident

In affirming the deputy commissioner's finding that Laine suffered an injury by accident on June 24, 1995, the commission found as follows:

> [Laine] has testified to two events which resulted in hip pain going down into his leg. He has stated that he assumed that the activity of climbing down from the ceiling onto the ladder was the cause of his problem and, as a result, initially filed his claim based on that activity. In spite of this, the evidence does support the finding by the Deputy Commissioner that [Laine] sustained an injury by accident on June 24, 1995. The act of lifting the roll of wire and immediately experiencing the onset of symptoms constitutes an accident. There is corroborating evidence of this occurrence. [Robert] Perrot testified that [Laine] told him on that evening "that his butt was hurting." In a telephone conversation on July 5, 1995, he gave information for the employer to complete the First Report of Accident, which information was consistent with the accident on June 24, 1995. Although there is some disparity as to details, the June 24 accident history is generally consistent with the history given to Dr. [David L.] Hudson who initially evaluated [Laine]. That history refers to lifting and stocking at work. While the time frame of that history is consistent with the ladder occurrence, the description is more consistent with the lifting incident on June 24, 1995. These imprecise histories were given at times when [Laine] would not be focusing on precision for legal reasons, but would be more concerned with his general perception of what was going on between activities and physical complaints.

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and

2

that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>."  <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).  "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  <u>Wagner Enters., Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).  "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  <u>Id.</u>

In rendering its decision, the commission considered the various medical histories, Laine's testimony, his statements to employer, and the testimony of his co-workers.  The commission resolved any inconsistencies in this evidence in favor of Laine. Laine's testimony, which is corroborated by contemporaneous medical reports and Laine's statements to Perrot and the employer, provides credible evidence to support the commission's finding that he proved an identifiable incident.  Laine's testimony and the medical evidence proved that the June 24, 1995 incident caused a sudden mechanical change in his body.  The commission so found.  Thus, those findings are conclusive on this appeal.  <u>See</u> <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).  Those findings are sufficient to prove an injury by accident arising out of employment.

## II.  <u>Causation/Disability</u>

3

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

In holding that the evidence proved a causal relationship between the accident of June 24, 1995 and Laine's disability, the commission found as follows:

> At the time of the first medical treatment, Dr. Hudson received the lifting history. Sciatica was diagnosed. There is no history of prior back problems. Dr. Hudson felt that there was possibly nerve root impingement which would be secondary to a bulging disc. On July 3, 1995, he referred [Laine] to an orthopedic specialist for severe sciatica, listing an injury date of June 27, 1995. This was based on the lifting history. When the record is considered in its entirety, it is evident that [Laine's] condition commenced after the lifting incident on June 24, 1995. The medical finding of sciatica and the more refined diagnosis of a herniated disc are consistent with that accident description and the medical treatment. The medical evidence in conjunction with the claimant's testimony is sufficient to establish causation.

Dr. Hudson's medical records and Laine's testimony provide credible evidence to support the commission's findings. Based upon the totality of the medical records and Laine's testimony, the commission could reasonably infer that Laine's disability was caused by the June 24, 1995 injury by accident. "If there is

4

evidence, or reasonable inferences can be drawn from the evidence, to support the Commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding."  Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

For the reasons stated, we affirm the commission's decision.

Affirmed.