COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Senior Judge Overton


BOSTON CHICKEN MARKET/MAYFAIR PARTNERS
 AND FIREMAN'S FUND INSURANCE COMPANY
                                    MEMORANDUM OPINION[*]
v.    Record No. 2060-98-4              PER CURIAM
                                     FEBRUARY 2, 1999
LORI A. MACK


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Forest A. Nester; Brizendine, Bergen &
          Tripoda, on brief), for appellants.

          (Kathleen G. Walsh; Ashcraft & Gerel, on
          brief), for appellee.


     Boston Chicken Market/Mayfair Partners and its insurer

(hereinafter referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Lori A. Mack proved

that her disability and medical treatment were causally related

to her compensable November 7, 1994 injury by accident.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The

actual determination of causation is a factual finding that will

not be disturbed on appeal if there is credible evidence to

support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App.

684, 688, 376 S.E.2d 814, 817 (1989).  "In determining whether

credible evidence exists, the appellate court does not retry the

          [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters, Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Moreover, "[q]uestions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In holding that claimant proved that her disability and medical treatment were causally related to her compensable injury by accident, the commission found as follows:

> It is significant that Dr. [Fraser C.] Henderson, in a letter of October 17, 1997, unequivocally opined that the medical treatment was directly caused by the work-related fall:

>> Her condition though in part due to congenital abnormality of the craniocervical junction was the direct result of her fall whilst at work at Boston Chicken. The surgery performed to correct the abnormality was the direct result of this fall. The surgery would not have been performed had she not fallen. . . . [emphasis added]

> This statement is not the first time Dr. Henderson has related the medical treatment to the injury. On July 20 and November 14, 1995, he asserted that the claimant's symptoms and signs were causally linked to her work-related fall. Dr. Henderson never equated her condition solely to the automobile accident. Moreover, the early medical records consistently reflect that a connection was being made between the claimant's employment and the neck pain. While the medical records contain information about the minor automobile accident, they also distinctly note neck pain two to three weeks prior to that minor accident.

In its role as fact finder, the commission was entitled to accept Dr. Henderson's opinions and to reject the contrary opinion of Dr. Edward R. Lang, a neurosurgeon, who examined claimant on May 14, 1997, at employer's request. As the treating neurosurgeon, Dr. Henderson's opinions were entitled to be given great weight by the commission. See Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986). Dr. Henderson's medical records and opinions constitute credible evidence from which the commission could reasonably infer that claimant's medical treatment and disability were causally related to her compensable injury by accident. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner, 12 Va. App. at 894, 407 S.E.2d at 35.

For these reasons, we affirm the commission's decision.

Affirmed.