COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bumgardner and Lemons


NEW RIVER CASTINGS COMPANY
AND
LIBERTY MUTUAL FIRE INSURANCE COMPANY
                                        MEMORANDUM OPINION*
v.    Record No. 1552-99-3                  PER CURIAM
                                         NOVEMBER 16, 1999
JAMES A. MAPLE


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (J. Gorman Rosenberger, Jr.; Wilson, Garbee &
            Rosenberger, on brief), for appellants.

            (Richard M. Thomas; Rider, Thomas,
            Cleaveland, Ferris & Eakin, on brief), for
            appellee.


     New River Castings Company and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission (commission) erred in finding that

James A. Maple proved that his L4-5 disc herniation (1) was

causally related to his compensable June 23, 1997 injury by

accident; and (2) did not constitute a new injury that occurred

in October 1997.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

"The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Moreover, on appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Claimant's treating neurosurgeon, Dr. Ralph O. Dunker, Jr., who began treating claimant in July 1997 and twice performed surgery on claimant's back, opined that it was "more likely than not" that claimant's L4-5 disc herniation was caused either directly by the June 23, 1997 injury by accident or constituted "a natural progression or deterioration" of the condition caused by that injury by accident. Dr. Raymond V. Harron, a neurosurgeon, who examined claimant and reviewed his diagnostic studies upon referral from Dr. Dunker, opined that claimant's need for surgery to repair his L4-5 disc defect was related to the June 23, 1997 injury.

Based upon these medical opinions and the medical records, the commission concluded that claimant proved a causal relationship between the L4-5 disc herniation and his compensable June 23, 1997 injury by accident.

The medical records and opinions of Drs. Dunker and Harron constitute credible evidence to support the commission's finding. In its role as fact finder, the commission was entitled to accept the opinions of Drs. Dunker and Harron and to reject the contrary opinions of Drs. Robert B. Stephenson and Anthony G. Bottini. Dr. Stephenson only examined claimant three times. Dr. Bottini did not examine claimant at all and merely reviewed his medical records. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Where medical evidence conflicts and the treating physician is positive in his or her diagnosis, then his or her opinion will generally be afforded greater weight by the courts. See Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986).

## II.

Claimant acknowledged in his testimony that just before his October 1997 myelogram CT, he rolled from his back to his left side while on his couch at home and felt a sharp pain. However, he testified that he had never experienced any lower back problems before the June 23, 1997 injury by accident. He also

- 3 -

stated that he had experienced pain in his lower back continuously since June 23, 1997.

The commission concluded that "the evidence failed to prove that a new injury was the cause of the claimant's new disc defect." The medical records, which documented claimant's ongoing and continuous back pain before October 1997, and the opinions of Drs. Dunker and Harron constitute credible evidence to support the commission's finding. Based upon that evidence, the commission could reasonably infer that the pain claimant felt in October 1997 was merely a part of the ongoing symptoms he had experienced since the June 23, 1997 accident. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

For these reasons, we affirm the commission's decision.

Affirmed.