COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Bumgardner


SENTARA NORFOLK GENERAL HOSPITAL

MEMORANDUM OPINION*
v.    Record No. 2971—99-1              PER CURIAM
APRIL 4, 2000
MELVIN L. SPRUILL


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(George J. Dancigers; Patrick M. Mayette;
Heilig, McKenry, Fraim & Lollar, on brief),
for appellant.

(Jeffery L. Nuckolls; Basnight, Kinser,
Telfeyan, Leftwich & Nuckolls, on brief), for
appellee.


Sentara Norfolk General Hospital (employer) contends that

the Workers' Compensation Commission (commission) erred in

finding that Melvin L. Spruill (claimant) proved that treatment

for his neck condition, surgery, and resulting disability were

causally related to his compensable July 12, 1997 injury by

accident.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In holding that claimant met his burden of proving that the contested surgery, treatment, and disability were causally related to the July 12, 1997 injury by accident, the commission found as follows:

> [I]t is obvious that the claimant had a pre-existing degenerative cervical spine. He suffered severe symptoms of neck pain in the late 1980s, and failed to report that history to any of the physicians who have examined him for the present injury. . . .
>
> . . . [H]owever, we find that [claimant] had not had any significant symptoms of neck pain or disability for the nine years preceding the present work injury. After his accident, he sought immediate medical attention, and the treating physicians have documented progressive neck symptoms from the inception of his injury. . . .
>
>   *     *     *     *     *     *     *
>
> [The claimant] was able to work his normal job for the five years preceding the work accident, but was disabled subsequent thereto. Dr. [Isabelle] Richmond, the treating neurosurgeon, was aware that the claimant suffered from pre-existing cervical

-

spondylosis. Although she was unaware that claimant had suffered from neck symptoms in the remote past, we find that her lack of knowledge of such remote symptoms does not seriously undermine her opinions regarding causation, reasonableness, and necessity of the surgery. The claimant's testimony and the temporal relationship between the claimant's injury, neck symptoms, disability, surgery, and recovery, are compelling. Under the facts of this case, we would infer the causal relationship between the work accident and the cervical spine surgery even without specific medical opinion of causation.

(Citations omitted.)

The commission relied upon Dr. Richmond's opinion regarding causation. Dr. Richmond opined as follows:

[Claimant] sustained an exacerbation of his mild, previously asymptomatic cervical spondylosis as a direct result of his occupational accident of July 12, 1997. His medically intractable neurologic symptoms have responded well to cervical diskectomy and fusion. . . . The interval change between his MR scans of August 14, 1997 and October 7, 1997 of progression from mild "degenerative changes at C5-6" to "advanced degenerative changes at C5-6" are highly consistent with post-traumatic changes as opposed to the gradual "aging process" as suggested by Dr. Colin Hamilton.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991). In its role as fact finder, the commission was entitled to weigh the medical evidence, to accept Dr. Richmond's opinion, and to reject any contrary medical

-

opinions.  Claimant's medical records and Dr. Richmond's opinions, coupled with claimant's testimony, constitute credible evidence to support the commission's decision.  The commission articulated legitimate reasons for crediting Dr. Richmond's opinions despite claimant's failure to provide Dr. Richmond with a complete medical history.  Because credible evidence supports the commission's findings, we will not disturb them on appeal.

For these reasons, we affirm the commission's decision.

Affirmed.

-