COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


TECNICO CORPORATION AND
 LEGION INSURANCE COMPANY

                                    MEMORANDUM OPINION*
v.    Record No. 0466-00-1              PER CURIAM
                                       JULY 18, 2000
DAVID J. ZIMMER


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (R. John Barrett; Kelly O. Stokes;
          Vandeventer Black, LLP, on briefs), for
          appellants.

          (Robert E. Walsh; Rutter, Walsh, Mills &
          Rutter, L.L.P., on brief), for appellee.


     Tecnico Corporation and its insurer (hereinafter referred

to as "employer") contend that the Workers' Compensation

Commission erred in finding 1) that David J. Zimmer ("claimant")

proved that he was entitled to temporary total disability

benefits from January 22, 1996 through August 18, 1997 and from

January 4, 1999 and continuing, and 2) that he did not fail to

market his remaining work capacity after December 4, 1995.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

<u>January 22, 1996 through August 18, 1997 Disability</u>

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See <u>R.G. Moore Bldg. Corp. v. Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence.  See <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In finding that claimant proved he was totally disabled beginning January 22, 1996 through August 18, 1997, the commission accepted the opinions of Dr. Donald Leo Mingione, a psychiatrist, who treated claimant from February 8, 1996 through August 18, 1997.  Dr. Mingione opined in his deposition testimony that claimant had been totally disabled during Dr. Mingione's treatment.  In so ruling, the commission found as follows:

> Dr. Mingione is a psychiatrist specializing in pain management.  Based upon this expertise, we conclude that Dr. Mingione was in a better position to assess the effects of the claimant's pain upon his ability to work.  We, like the deputy commissioner, have carefully considered the apparent conflicts between some of Dr. Mingione's treatment notes and his deposition testimony.  We have similarly considered Dr. [J. Abbott] Byrd's and Dr. [Edward] Walko's contrary opinions of the claimant's work capacity.  We have also considered Dr. [Lewis] Taylor's opinion to the effect that the claimant's psychological problems are insufficient to prevent the claimant from working. . . .  We conclude that Dr. Mingione's deposition testimony is persuasive.

-

. . . [Moreover,] the medical evidence as a whole reveals no substantial change in the claimant's condition during [the] short time [from January 22, 1996 until February 8, 1996] preceding Dr. Mingione's first treatment. Accordingly, we conclude that the deputy commissioner was warranted in finding total disability beginning January 22, 1996. Additionally, this time period would have been too brief to expect the claimant to demonstrate his inability to market any residual work capacity.

The commission articulated appropriate justification for accepting Dr. Mingione's opinion and for rejecting the contrary opinions of Drs. Taylor, Walko, and Byrd. Dr. Mingione's opinions provide credible evidence to support the commission's decision. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

We also affirm the commission's conclusion that claimant did not fail to market his remaining work capacity after December 4, 1995, because the period of time from that date until January 22, 1996, when his total disability began, was too brief for claimant to demonstrate such failure.

### Post-January 4, 1999 Disability

"The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

-

In finding that claimant proved that his total disability beginning January 4, 1999, was, at least in part, caused by claimant's compensable April 13, 1995 injury by accident, the commission accepted the opinion of Dr. Walko. In concluding that claimant's L4-5 disc problem was causally related to his compensable injury, Dr. Walko opined that "had [claimant] not had this back injury with all this back pain and all this impairment and all this pain that he's been having for years from the 1995 - 1995 injury that this L4-5 disc would not have deteriorated and broken down."

Dr. Walko's opinion constitutes credible evidence to support the commission's finding. As fact finder, the commission was entitled to accept Dr. Walko's opinion and to reject the contrary opinion of Dr. Byrd, who opined that the new disc defect at L4-5 was not causally related to the compensable work injury. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

For these reasons, we affirm the commission's decision.

Affirmed.

-