COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bray and Senior Judge Overton


WOODROW W. MOORE, JR.

v.    Record No. 0450-01-1

ALLIED SYSTEMS, LTD. and
 RELIANCE NATIONAL INDEMNITY COMPANY
                                        MEMORANDUM OPINION*
and                                          PER CURIAM
                                            JUNE 19, 2001
ALLIED SYSTEMS, LTD. and
 RELIANCE NATIONAL INDEMNITY COMPANY

v.    Record No. 0512-01-1

WOODROW W. MOORE, JR.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Woodrow W. Moore, Jr., pro se, on brief.)

              (Adam S. Rafal; Kelly O. Stokes; Vandeventer
              Black, LLP, on brief), for Allied Systems,
              Ltd. and Reliance National Indemnity Company.


     Woodrow W. Moore, Jr. (claimant) contends that the Workers'

Compensation Commission erred in finding that he failed to prove

that he was disabled from performing his pre-injury work between

July 6, 1999 and August 3, 1999 as a result of his compensable

March 9, 1999 and March 13, 1999 work-related accidents.  On

cross-appeal, Allied Systems, Ltd. and its insurer (hereinafter

referred to as "employer") contend that the commission erred in

─────────────
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

(1) considering the August 3, 1999 office notes of Dr. Lawrence Morales that were not in the record before the deputy commissioner; and (2) finding that claimant proved that medical treatment rendered by Meyersdale Medical Center, Dr. Timothy Budorick, and Dr. Morales was causally related to claimant's compensable March 9 or 13, 1999 work-related accidents. Upon reviewing the record and the parties' briefs, we conclude that these appeals are without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

I. Disability between July 6, 1999 and August 3, 1999

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant temporary total disability benefits for the period from July 6, 1999 through August 3, 1999, the commission found as follows:

> The claimant did not show . . . that he was forced to miss work between July 6 and August 3, 1999, as there was no medical evidence restricting him from work. Dr. Budorick noted on June 22, 1999, that the claimant should remain out of work for two weeks, after which time he would "return to work most likely." The claimant did not return to Dr. Budorick, however, and Dr.

Morales noted on August 3, 1999, that the claimant was working and did not recommend that he discontinue working. The claimant was required to produce medical evidence supporting his claim that he was medically unable to work between July 6 and August 3, 1999. We do not believe that he made this showing.

The commission's findings are amply supported by the medical records of Drs. Budorick and Morales. Based upon the lack of any persuasive medical evidence that claimant was disabled from work between July 6 and August 3, 1999 as a result of his compensable injuries, we cannot find as a matter of law that the claimant's evidence sustained his burden of proof.

## II. Dr. Morales' August 3, 1999 Office Note

In deciding to consider Dr. Morales' August 3, 1999 office note, the commission found as follows:

> The employer objects to our considering Dr. Morales' August 3, 1999, office note as "after discovered evidence." The deputy commissioner noted in the August 29, 2000, Opinion that the August 3, 1999, note was not contained in the record. The claimant submitted this record in his written statement on Review. The transcript of the August 8, 2000, hearing indicated that the deputy commissioner queried the parties at the hearing whether any additional medical records required submission, and the claimant submitted Dr. Morales' records from August to September 1999. The deputy commissioner responded that he "had those," and returned the records to the claimant. We believe under these circumstances, the claimant appropriately submitted the August 3, 1999, record for our consideration on Review.

Based upon this record, the commission could reasonably infer that claimant submitted Dr. Morales' August 3, 1999 office note to the deputy commissioner at the hearing, but that the deputy commissioner returned it to claimant under the mistaken belief that all of Dr. Morales' August and September 1999 medical records were already in the commission's file.  Under these circumstances, Dr. Morales' August 3, 1999 office note did not constitute "after-discovered evidence," and the commission did not abuse its discretion by considering it on review.

### III.  Medical Treatment (Causation)

"The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

In ruling that claimant proved a causal connection between his medical treatment and his March 9 and 13, 1999 work-related accidents, the commission found as follows:

> The June 3, 1999, emergency room record indicated that the claimant had been suffering from back pain "over the last several months."  The claimant credibly testified that he suffered back pain on-and-off since the March 9 and 13, 1999, accidents, and only decided on June 3, 1999, that he could not go without treatment any longer.  He testified that he reported the March 9, 1999, accident to his employer, and "filled out" something concerning the accident with either Tracy or Brenda, administrative employee's [sic] with the employer.  No panel was provided, however,

and he decided to seek emergency treatment on June 3, 1999.

Dr. Budorick's notes corroborated this testimony in that they described the claimant as suffering from intermittent back symptoms for some time. Moreover, Dr. Budorick described the claimant recalling "certain positions" as aggravating his back symptoms.

The commission's findings are supported by credible evidence, including the emergency room reports, claimant's testimony, and the medical reports of Drs. Budorick and Morales. Based upon these findings, the commission, as fact finder, could reasonably infer that "claimant has suffered from intermittent back pain since the March 9 and 13, 1999, compensable accidents, and that the treatment he received at the emergency room and with Dr. Budorick and Dr. Morales stemmed from those accidents."

For these reasons, we affirm the commission's decision.

Affirmed.