COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


FLOWERS TRANSPORT, INC. AND
 RELIANCE NATIONAL INDEMNITY COMPANY
                                      MEMORANDUM OPINION*
v.    Record No. 2267-01-3                 PER CURIAM
                                        JANUARY 22, 2002
TERESA L. LAVIS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Monica L. Taylor; E. Scott Austin; Gentry
              Locke Rakes & Moore, on briefs), for
              appellants.

              (D. Edward Wise, Jr.; Arrington, Schelin &
              Herrell, P.C., on brief), for appellee.


     Flowers Transport, Inc. and its insurer (hereinafter

referred to as "employer") contend the Workers' Compensation

Commission erred in (1) giving no probative weight to hearsay

information contained in Dr. Robert Brown's medical report and

relied upon in forming his opinions; and (2) finding that Teresa

L. Lavis (claimant) proved that her psychiatric condition

constituted a compensable change in condition causally related

to her compensable May 1, 1998 injury by accident.  Upon

reviewing the record and the parties' briefs, we conclude that

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

                                I.

Employer contends the commission erred in giving no probative weight to hearsay contained in Dr. Brown's medical report and relied upon by him in rendering his opinion.  We disagree.

In addressing this issue, the commission found as follows:

> Dr. Brown reported a conversation with [Daryl] Flowers[, claimant's supervisor,] concerning factors other than the claimant's injuries that were keeping her out of work. The claimant objected to this portion of Dr. Brown's report, and the deputy commissioner agreed that it was only marginally probative and would be given "appropriate evidentiary weight."  We believe this approach was essentially correct.
>
> Dr. Brown's reporting of the conversation with Flowers was clearly outside the boundaries of appropriate evidence.  Although the employer correctly asserts that hearsay testimony is routinely admitted at workers' compensation hearings, Flowers's hearsay testimony was admitted through the additional hearsay report of Dr. Brown.  The Commission's evidentiary procedures clearly allow hearsay testimony from medical providers.  Rule 2.2(B)(2).  In this situation, however, Dr. Brown's report concerned an additional conversation with a witness.  Under these circumstances, we believe these statements were of no probative value.  The deputy commissioner's decision, however, was to afford the statements "appropriate evidentiary value," which we believe correctly declined to afford them any probative value.

Contrary to employer's contention, the commission did not refuse to consider Dr. Brown's report.  Rather, it recognized the well-settled rule that it may consider hearsay evidence and then gave the report and the double-hearsay statements contained in it the evidentiary weight it deemed appropriate.  We find no abuse of discretion in the commission's findings.

## II.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

"General principles of workman's compensation law provide that 'in an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'"  Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

In ruling that claimant proved that her psychological condition was causally related to her compensable May 1, 1998 injury by accident, the commission found as follows:

On March 28, 2000, Dr. Riaz Riaz, a psychiatrist, examined the claimant at her counsel's request. Dr. Riaz observed that the claimant was "depressed, anxious, [and] nervous" and noted that she was receiving psychotherapy from Sharon Fleshner. Dr. Riaz believed that the claimant had generalized anxiety disorder and major depression "precipitated by her work related injury of May 1, 1998." . . .

On September 6, 2000, [Dr.] Fleschner . . . and Beverley McBride, M.S., authored a "status update" concerning psychological treatment provided to the claimant since December 21, 1998. The report noted that the claimant had "several" therapy sessions since that time for "chief complaints of pain and comorbid depression and anxiety from the work-related incident occurring on 05/01/98." The report stated that the claimant was "experiencing a disabling chronic pain syndrome with reports of constant pain and a high frequency of pain behaviors coupled with marked levels of depression, anxiety, and anger," based on the Beck Depression and Anxiety Inventories performed in February and August 2000. . . .

\*     \*     \*     \*     \*     \*     \*

The claimant was diagnosed with depression stemming from the accident as early as May 26, 1998. She also received regular psychotherapeutic treatment beginning in December 1998. Dr. Miller clearly associated the claimant's psychological problems with the May 1998 accident, and Dr. Brown's opinion was that the claimant had a psychological pain disorder. Dr. [John] Daniel believed that the claimant's psychological condition, resulting from the May 1998 accident, was her "major disabling factor."

The medical records and opinions of Drs. Riaz, Fleshner, Miller, and Daniel provide credible evidence to support the

- 4 -

commission's findings. As fact finder, the commission was entitled to accept the opinions of these physicians, and to reject Dr. Brown's opinion regarding causation. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Moreover, "[t]he fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For these reasons, we affirm the commission's decision.

Affirmed.