COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


MAPLE LEAF BAKERY, INC. AND
 MID-CENTURY INSURANCE COMPANY
                                        MEMORANDUM OPINION*
v.    Record No. 2655-01-3                  PER CURIAM
                                         FEBRUARY 12, 2002
KAIS H. ALHASANI


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Iris W. Redmond; Midkiff, Muncie & Ross,
              P.C., on brief), for appellants.

              (Easter P. Moses, on brief), for appellee.


     Maple Leaf Bakery, Inc. and its insurer (hereinafter

referred to as "employer") contend the Workers' Compensation

Commission erred in (1) finding that Kais H. Alhasani (claimant)

proved that he sustained an injury by accident arising out of

and in the course of his employment on April 5, 2000; (2)

denying employer's post-hearing request to rebut Dr. Dorothy

Garner's deposition testimony; and (3) finding claimant proved

that the exacerbation of his pre-existing Brucella Abortus

infection and resulting disability were compensable consequences

of his April 5, 2000 injury by accident.  Upon reviewing the

record and the parties' briefs, we conclude that this appeal is

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

## I.  Injury by Accident

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body."  Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).  "Factual findings made by the commission will be upheld on appeal if supported by credible evidence."  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Claimant testified that on April 5, 2000, while at work, he slipped on some flour on the floor and fell, while pulling a pallet jack.  Claimant stated that he struck his lower back on an adjacent pallet and injured his left wrist in the process. Claimant testified that he reported the accident that day to Mary Alice Reeves, his team leader.  He stated that she "tied his wrist for him."  Claimant sought medical treatment the next day with Dr. Darrell F. Powledge, an occupational medicine physician.

Reeves testified that she was able to communicate with claimant, but admitted that her ability with Arabic was "poor." Reeves stated that on April 6, 2000, before claimant started working, he complained that his back was hurting from work. Reeves did not ask claimant why his back was hurting, and he did not volunteer that information. Reeves claimed that claimant did not tell her he had fallen down or that he had injured his back falling down nor did he report any injury on April 5, 2000. She denied being asked to wrap claimant's wrist. She admitted that packers, such as claimant, moved pallets with jacks "all the time" and that flour could be found on the bakery floor "from time to time."

Dr. Powledge's April 6, 2000 office note indicated that claimant was evaluated for a back injury that occurred the evening before at about 9:00 p.m., when he was pulling a heavy pallet jack and his hands slipped off the handles causing him to fall backwards and "[land] on his bottom." Dr. Powledge reported that claimant strained his left wrist, but that his chief complaint was low back pain. Dr. Powledge noted that claimant, who did not speak English well, was accompanied by a friend, who interpreted for them.

Dr. G.E. Clapsaddle, an occupational medicine physician, who examined claimant on April 13, 2000, recorded the following history of the April 5, 2000 incident: "While at work at

approximately 2100 hours on 4/5/00, [claimant] was pulling on some boxes and fell backwards, twisting his back and falling down."

Dr. Sander W. Leivy, a neurosurgeon, who evaluated claimant on April 25, 2000, noted that claimant spoke minimal English and recorded a history of claimant's injury occurring "at work at Maple Leaf Bakery pulling some pallets when he felt sudden onset of low back pain with pain across the hips."

In accepting the deputy commissioner's finding that claimant's testimony and demeanor were credible and in ruling that claimant proved he sustained an injury by accident arising out of and in the course of his employment on April 5, 2000, the commission found as follows:

> [C]laimant's accident description is essentially unchallenged in the record. He has described, with the aid of an interpreter, an accidental injury that occurred at a reasonably particular time and place, causing injury.
>
> While the medical histories recorded by the claimant's physicians varied somewhat in minute detail, taken as a whole and considering the obvious language barrier, we find they are generally consistent with the claimant's sworn testimony. Further, the employer's only witness does not refute the accident history. Reeves confirmed that workers such as the claimant always used pallet jacks to do the work he described, and further confirmed that it was not unusual for flour to be present on the floor where he worked. . . . Reeves [sic] testimony established that the claimant reported work-related back pain the day

- 4 -

after it occurred.  The fact that the claimant did not relate the specific mechanism of injury to Reeves means absolutely nothing since she admitted she did not ask for it.  Absent some evidence that the claimant knew <u>then</u> that he was supposed to elaborate about his injury, we find no reason <u>now</u> to discount more detailed medical histories and sworn testimony he has given.

Claimant's testimony, which was essentially corroborated by the medical histories, constitutes credible evidence to support the commission's findings.  As fact finder, the commission was entitled to accept claimant's testimony.  It is well settled that credibility determinations are within the fact finder's exclusive purview.  <u>Goodyear Tire & Rubber Co. v. Pierce</u>, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).  In this instance, the issue of whether claimant sustained an injury due to a specific identifiable incident occurring at work on April 5, 2000 was entirely dependent upon claimant's credibility.  The commission, in considering the medical evidence and the testimony of the witnesses, found claimant's evidence was sufficient to establish his claim.  "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  <u>Wagner Enters., Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Because the commission's finding that claimant sustained a specific identifiable incident resulting in a sudden mechanical change in his body on April 5, 2000 is supported by credible evidence, we will not disturb it on appeal.

## II.  Rebuttal Evidence

Employer contends the commission erred in denying it the opportunity to introduce additional evidence from Dr. George W. James, IV, regarding the causation of the aggravation of claimant's Brucella infection and resulting disability, after claimant's counsel took the post-hearing deposition of Dr. Garner.

In ruling that the deputy commissioner properly denied employer's request for additional post-hearing discovery, the commission found as follows:

> The employer was well aware, as early as August 2000 that it was Dr. Garner's opinion that the claimant's infection was exacerbated by the work-related accidental injury.  We recognize, as pointed out by employer's counsel, that the underlying basis for this opinion was largely left unstated in her reports.  Dr. Garner's reports state that the claimant's infection was exacerbated by the accident, but not how it was exacerbated.  Nevertheless, we find that this has consistently remained her opinion, and that her more detailed deposition testimony is entirely consistent with her earlier reports.
>
> As noted by the Deputy Commissioner, the employer had ample time -- both before and after the hearing -- to investigate the basis for Dr. Garner's opinion through

discovery.  It did not do so, relying instead upon -- as counsel put it -- the "assumption" that Dr. Garner felt that "claimant's actual fall or injury are what aggravated claimant's preexisting Brucella." Rather than elucidate the medical basis for Dr. Garner's opinion through discovery prior to the hearing -- to formulate a proper defense -- the employer sought at the last minute to introduce a challenge to the bare medical records.  Ironically, it appears that it was the late submission, of the employer's expert report, that prompted the entire post-hearing discovery process.

We find no abuse of discretion in the commission's denial of employer's request to introduce rebuttal evidence after Dr. Garner's February 21, 2001 deposition.  Claimant filed his claim on June 13, 2000, approximately seven months prior to the December 28, 2000 hearing.  Furthermore, Dr. Garner consistently opined, since at least August 31, 2000, that the exacerbation of claimant's Brucella infection was causally related to the April 5, 2000 injury by accident.  Employer had ample time, prior to the hearing, to develop evidence regarding causation and, in fact, did so by submitting Dr. James' December 20, 2000 report shortly before the hearing.  That report necessitated the deputy commissioner leaving the record open for claimant to submit the January 10, 2001 responsive report of Dr. Garner and for employer to take Dr. Garner's deposition on February 21, 2001. Employer was allowed ample opportunity to cross-examine Dr. Garner at that time.  Contrary to employer's contention, Dr. Garner did not render a new opinion regarding causation in

her deposition.  Rather, she elaborated on the opinion that she had expressed as early as August 31, 2000.  Employer knew of Dr. Garner's opinion long before the hearing and had opportunity to determine the underlying basis for that opinion before the hearing, but failed to do so.

### III.  Causation

> "When a primary injury under the Workmen's Compensation Act is shown to have arisen out of the course of employment, every natural consequence that flows from the injury is compensable if it is a direct and natural result of a primary injury. . . . This doctrine extends the canopy of the Workmen's Compensation Act to the resulting injury. This is so because the second injury is treated as if it occurred in the course of and arising out of the employee's employment."

Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 668-69, 508 S.E.2d 335, 338 (1998) (citations omitted).  The doctrine of compensable consequences provides that "'"where the chain of causation from the original industrial injury to the condition for which compensation is sought is direct, and not interrupted by any intervening cause attributable to the employee's own intentional conduct, then the subsequent condition should be compensable."'"  Id. at 669, 508 S.E.2d at 338 (citations omitted).  Moreover, "[t]he actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

- 8 -

In ruling that claimant proved the exacerbation of his pre-existing Brucella infection and the resulting disability constituted compensable consequences of the April 5, 2000 injury by accident, the commission found as follows:

> Dr. Garner[, the treating infectious disease physician,] has maintained throughout her treatment of the claimant that his previously quiescent Brucella infection was aggravated or exacerbated by the work-related injury. She described in some detail the mechanism whereby this preexisting infection was caused to become symptomatic by the steroidal treatment administered by Dr. [Murray] Joiner -- treatment administered to control the claimant's primary complaints related to back pain. This primary treatment was clearly related to the compensable injuries, and the flare-up of his infection flowed naturally and as a compensable consequence of such treatment. Therefore, the defendants are responsible for the treatment of this condition, and for the disability that resulted.

In its role as fact finder, the commission was entitled to weigh the medical evidence. The commission did so and accepted Dr. Garner's opinion, while rejecting Dr. James' contrary opinion. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Dr. Garner's opinion provides credible evidence to support the commission's finding. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to

- 9 -

support the commission's finding." <u>Wagner</u>, 12 Va. App. at 894, 407 S.E.2d at 35.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>