COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Senior Judge Overton


LOWE'S OF LYNCHBURG, NO. 0082/
 LOWE'S HOME CENTERS, INC.

MEMORANDUM OPINION*
v.   Record No. 0706-03-3          PER CURIAM
                                   AUGUST 5, 2003
CYNTHIA ANDREWS


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Dale W. Webb; Monica Taylor Monday; Gentry
            Locke Rakes & Moore, on brief), for
            appellant.

            (Craig P. Tiller; Davidson, Sakolosky,
            Moseley & Tiller, P.C., on brief), for
            appellee.


     Lowe's of Lynchburg, No. 0082/Lowe's Home Centers, Inc.

contends the Workers' Compensation Commission erred in finding

that Cynthia Andrews proved that her upper back, thoracic back,

and shoulder blade injuries were causally related to her

compensable October 16, 2000 injury by accident.  Upon reviewing

the record and the parties' briefs, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). So viewed, the evidence proved that Andrews heard her back pop and felt pain on October 16, 2000, while lifting a fifty to eighty-pound countertop at work. She described the pain as being at her "belt line," which she indicated to be at her middle back. The day after the accident, she began to experience pain in her shoulder blades, across her upper back, in the center of her middle back, and down her left leg. Andrews had not suffered from any back pain before October 16, 2000. Lowe's accepted Andrews' lower back injury as compensable. Thus, the compensability of the lower back injury is not contested on appeal.

In ruling that Andrews proved that her upper and mid-back problems were causally related to her compensable October 16, 2000 injury by accident, the commission found as follows:

> [Andrews] testified that within a few days of the injury by accident, she suffered back pain in various areas of her back. The fact that she did not complain to Dr. deGuzman about back pain, other than her low back, is not fatal to her case. The . . . Act does not require a claimant to report all of her causally related symptoms to a physician within several days.
>
> The . . . medical record reflects that [Andrews] described additional back pain and that she consistently attributed her problems to lifting a countertop in October 2000. No physician suggested another source of her condition or opined that repetitive activities caused the pain. Dr. Diminick repeatedly advised that he treated the claimant for thoracic pain resulting from a

- 2 -

> work-related lifting accident. Notably,
> Dr. Albers emphasized [Andrews'] reports of
> different areas of back pain. He concluded
> that [Andrews'] symptoms and treatment were
> causally related to the industrial accident.
> Similarly, Dr. Joseph and Schneider, [the
> physical therapist,] noted a year-long
> history of thoracic pain from the
> work-related lifting incident. There is no
> medical evidence to the contrary.

"The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). Andrews' testimony, coupled with the medical records and opinions of Dr. Diminick, Dr. Albers, and Dr. Joseph, constitutes credible evidence to support the commission's findings. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). As fact finder, the commission weighed the totality of the medical evidence, and concluded that it was sufficient to sustain Andrews' burden of proof.

Lowe's contention that the commission should have denied Andrews' claim pursuant to Massie v. Firmstone, 134 Va. 450, 114 S.E. 652 (1922), lacks merit. It argues she was bound by her testimony on cross-examination that the soreness in her upper back and shoulders a few days after the accident, but not "far down the road," may have been caused by lifting countertops all

day "as far as [she] know[s]." First, "[t]he Massie doctrine applies only to a party litigant's statements of fact that are within the litigant's own knowledge, and not to statements of opinion." Braden v. Isabell K. Horseley Real Estate, Ltd., 245 Va. 11, 16, 425 S.E.2d 481, 484 (1993). Second, the rule does not apply to "an adverse statement standing in isolation from the litigant's testimony as a whole." Baines v. Parker, 217 Va. 100, 105, 225 S.E.2d 403, 407 (1976). Andrews' testimony as a whole, which explains the facts concerning her injury, clearly described a pop in her back and pain around her belt line when she lifted a particular countertop. Andrews testified that she considered "her belt line" to be near her middle back and also testified that she had pain in different parts of her back the day after the accident. "To establish an "injury by accident," . . . [i]t is not necessary to show an immediate onset of the symptoms of an injury." Turcios v. Holiday Inn Fair Oaks, 24 Va. App. 509, 518 n.1, 483 S.E.2d 502, 504 n.1 (1997). The fact finder was entitled to weigh the totality of Andrews' testimony within the context of the other evidence and resolve any minor discrepancies in her favor. "[T]he commission's conclusions upon conflicting inferences, reasonably drawn from proven facts, are . . . binding on appeal." Watkins v. Halco Engineering, Inc., 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983).

For these reasons, we affirm the commission's decision.

Affirmed