COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Willis


WELLMONT LONESOME PINE HOSPITAL AND
 RECIPROCAL OF AMERICA
                                        MEMORANDUM OPINION*
v.    Record No. 0665-03-3                  PER CURIAM
                                         AUGUST 12, 2003
CONNIE JO CANTOR


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Ramesh Murthy; Lisa Frisina Clement;
              PennStuart, on brief), for appellants.

              (D. Allison Mullins; Lee & Phipps, P.C., on
              brief), for appellee.


        Wellmont Lonesome Pine Hospital and its insurer

(hereinafter referred to as "employer") contend the Workers'

Compensation Commission erred in finding that (1) the doctrine

of res judicata did not bar Connie Jo Cantor's (claimant) March

11, 2002 change-in-condition application related to her left

shoulder condition; and (2) claimant proved that her left

shoulder condition was causally related to her compensable June

18, 2001 injury by accident, entitling her to benefits beginning

April 15, 2002 and continuing.  Upon reviewing the record and

the parties' briefs, we conclude that this appeal is without

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

## Res Judicata

On appeal, employer argues that the doctrine of res judicata barred the commission from considering claimant's March 11, 2002 change-in-condition application.  Employer contends claimant previously presented a claim for a left shoulder injury to Deputy Commissioner Burchett, which was the subject of his January 24, 2002 decision from which claimant did not appeal.

Employer did not raise the doctrine of res judicata as a bar to claimant's March 11, 2002 application before the commission.  Accordingly, we will not consider it for the first time on appeal.  See Rule 5A:18.

## Causation

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).  Furthermore, "[q]uestions raised by conflicting medical opinions must be decided by the commission."  Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

The June 18, 2001 emergency room report indicates that claimant complained of a "neck, shoulder injury." On his June 18, 2001 Attending Physician's Report, Dr. W. Zahnke, the emergency room physician, recorded that claimant "was pushing a box on top shelf in stock room - pulled off piece of tape from box [and] twisted [left] shoulder/neck."

Claimant began treatment with Dr. Ken Smith, a neurosurgeon, on August 13, 2001. At that time, she complained of left upper extremity numbness and tingling. Those complaints continued throughout Dr. Smith's treatment. Dr. Smith eventually referred claimant to Dr. S.K. Kotay, an orthopedist, for her left shoulder complaints.

Dr. Kotay began treating claimant on March 11, 2002. Dr. Kotay recorded a history of left shoulder pain with an onset of June 2001 when claimant was lifting some heavy boxes over her head and her shoulder popped, causing severe pain. Dr. Kotay indicated that claimant subsequently had some numbness in her hand and pain radiating down her arm.

In a March 13, 2002 Attending Physician's Report, Dr. Kotay indicated that claimant's left shoulder pain was due to an incident on June 18, 2001, when claimant was moving boxes above her head onto a wire cart and felt pain in her neck and left arm. As of April 15, 2002, Dr. Kotay excused claimant from all work at least until her next appointment on May 13, 2002. Dr. Kotay continued to treat claimant for left shoulder pain

- 3 -

with cortisone injections and issued another disability slip on May 30, 2002, stating "no work until return appointment of 7/8/02." No evidence showed that Dr. Kotay ever subsequently released claimant to return to her pre-injury employment.

In finding that claimant proved that her left shoulder condition and disability commencing April 15, 2002 were causally related to her June 18, 2001 compensable injury by accident, the commission accepted Dr. Kotay's opinion, resolving any inconsistencies in his medical records in favor of claimant. Dr. Kotay's medical records and opinions, coupled with the records of Dr. Smith and Dr. Zahnke, provide credible evidence from which the commission could reasonably infer that claimant's left shoulder complaints were causally related to her compensable June 18, 2001 injury by accident and that she was totally disabled beginning April 15, 2002 as a result of that accident. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). As fact finder, the commission was entitled to weigh the medical evidence, to accept Dr. Kotay's opinion, and to reject the contrary opinions of Drs. William A. McIlwain and Jim C. Brasfield, who examined claimant upon employer's request. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the

- 4 -

commission's finding."  Wagner Enters., Inc. v. Brooks, 12

Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For these reasons, we affirm the commission's decision.

Affirmed.