COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Clements and McClanahan
Argued at Richmond, Virginia


KROGER COMPANY AND
 CONTINENTAL CASUALTY COMPANY

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2348-03-3          JUDGE JEAN HARRISON CLEMENTS
                                                          JUNE 8, 2004
KATHY WRIGHT


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Monica Taylor Monday (Thomas H. Miller; Gentry Locke Rakes &
            Moore, on brief), for appellants.

            No brief or argument for appellee.


     This appeal arises from a decision of the Workers' Compensation Commission

(commission) denying the application by Kroger Company (employer) to terminate benefits to

Kathy Wright (claimant).  On appeal, employer claims the commission erred in finding claimant

suffered from ongoing psychiatric disability related to her employment-related industrial

accident.  Finding no error, we affirm the commission's decision.

     As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

---

     [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

In accordance with familiar appellate principles, we view the evidence in the light most favorable to claimant, the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). On November 22, 1994, while working for employer, claimant accidentally stepped on a can of food and incurred compensable physical injury to her back. Claimant continues to suffer from a disabling psychiatric condition. The only medical evidence offered by a mental health professional as to the cause of claimant's psychiatric condition is the recorded opinion of claimant's primary treating psychiatrist, Dr. Tracy W. Criss, who, based on an examination that took place on October 1, 1998, opined that it was "likely that the [compensable] injury has had an effect upon [claimant's] emotional state." Dr. Criss also indicated in December 1998 that claimant was unable to work because of her emotional problems. Dr. Criss recorded no further opinion as to the cause of claimant's psychiatric condition, and no subsequent psychiatric evidence is in the record. Claimant had not been treated by a psychiatrist prior to her industrial accident.

On January 7, 2002, employer filed a change-in-condition application, seeking termination of claimant's award on the ground that she was no longer disabled as a result of her industrial accident. Relying on Dr. Criss's opinion, the commission found that claimant's psychiatric disorder arose in part from her industrial accident. The commission further found that employer failed to meet its burden of proving that claimant no longer suffered from disabling emotional problems that were related to her industrial accident. This appeal followed.

## II. ANALYSIS

"Medical evidence is . . . subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). "Matters of weight and preponderance of the evidence, and the resolution of conflicting

inferences fairly deducible from the evidence, are within the prerogative of the commission and are conclusive and binding on the Court of Appeals." Kim v. Sportswear, 10 Va. App. 460, 465, 393 S.E.2d 418, 421 (1990) (citation omitted); see also Code § 65.2-706(A). "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the [c]ommission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding." Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986). "The actual determination of causation is a factual finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

Employer contends the evidence is insufficient to support the commission's finding that claimant continues to suffer from disabling emotional problems related to her industrial accident. Employer concedes that claimant has psychiatric problems but argues that no credible evidence supports the commission's finding that claimant's problems are causally related to her compensable industrial accident. Pointing to the commission's longstanding policy of rejecting stale evidence, employer would have us exclude from consideration the opinion of Dr. Criss from 1998 as being stale as a matter of law. We disagree with employer's argument.

Whether evidence is stale and fails to reflect a claimant's medical condition is viewed as a question of fact, no different in substance from the obvious principle that evidence closer in time to the relevant event may be considered more persuasive than evidence more remote. Timing, however, is not necessarily the dispositive factor in evaluating the persuasiveness of evidence. It is merely one of many potential variables that enter into the fact finder's decision to attribute different weight to different evidence. As noted above, we must defer to the commission's assessment of the "'probative weight to be accorded [medical] evidence'" and the commission "'is free to adopt that view "which is most consistent with reason and justice."'"

- 3 -

Georgia-Pac. Corp. v. Robinson, 32 Va. App. 1, 5, 526 S.E.2d 267, 269 (2000) (alteration in original) (quoting C.D.S. Const. Servs. v. Petrock, 218 Va. 1064, 1071, 243 S.E.2d 236, 241 (1978) (quoting Williams v. Fuqua, 199 Va. 709, 714, 101 S.E.2d 562, 566-67 (1958))).

Here, the commission assessed all the evidence in accordance with this principle, and was within its discretion to credit the evidence that supported its decision. The commission implicitly found that Dr. Criss's opinion was not stale because it was the *only* opinion presented by a mental health professional regarding the causation of claimant's psychiatric condition. "In an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence." Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986). Because employer offered no persuasive medical evidence supporting its allegation that claimant no longer suffered from disabling accident-related psychiatric problems, we find the commissioner did not err in crediting Dr. Criss's opinion that claimant's psychological disability was related to her industrial accident and in finding that employer failed to meet its burden of proof.

Employer also argues that the medical evidence does not demonstrate causation to a sufficient degree of medical certainty, because the best Dr. Criss could determine was that claimant's injury "likely" had an effect on her psychiatric condition. Citing Spruill v. Commonwealth, 221 Va. 475, 479, 271 S.E.2d 419, 421 (1980), employer correctly points out that evidence showing a "possible" causative relationship is insufficient because the commission's finding must be based on a "reasonable probability." Employer claims that, in using the word "likely" to describe the causative connection between claimant's emotional problems and her industrial accident, Dr. Criss's opinion does not meet this standard.

We disagree.  "Likely" is an expression of the probable,[1] not the possible, and therefore this evidence sufficiently links the compensable injury suffered by claimant with her continuing psychiatric disability.  The commission reasonably relied on this evidence to make its decision.

Accordingly, we affirm the commission's denial of employer's change-in-condition application.

<u>Affirmed.</u>

---

[1] "Likely" is defined as "of such a nature or so circumstanced as to make something probable."  Webster's Third New International Dictionary 1310 (1993).